COLIN M. THOMPSON, Esq.
2d Floor, J.E. Tenorio Bldg.
PMB 917 Box 10001
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

Attorney for Defendants
Micronesian Telecommunications Corporation and
Pacific Telecom, Inc.

F I L E D
Clerk
District Court

NOV 02 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

CV 05 - 0034

| | |
|---|---|
| BOARD OF THE MARIANAS PUBLIC LAND AUTHORITY AND MARIANAS PUBLIC LAND AUTHORITY, for themselves and on behalf of the Northern Marianas Descent,<br><br>Plaintiffs,<br><br>MICRONESIAN TELECOMMUNICATIONS CORPORATION, PACIFIC TELECOM, INC., AND DOES 1-5,<br><br>Defendants. | CIVIL ACTION NO. ____-____<br><br>NOTICE OF REMOVAL<br><br>(28 U.S.C. § 1441. *et seq.*) |

### NOTICE OF REMOVAL

TO:  THE HONORABLE ALEX R. MUNSON, CHIEF JUDGE,
     DISTRICT FOR THE NORTHERN MARIANAS ISLANDS

### INTRODUCTION:

Petitioners, Pacific Telecom, Inc., and Micronesian Telecommunications Corporation ("MTC"), are corporate entities, named as defendants in the above-entitled matter. They reserve their right to assert independent interests as to any issue or matter in this action, including to any

1

issues or matters relating thereto, and without waiving any defenses and objections, joint or separate. They state:

1.   Petitioners hereby assert their right under the provisions of 28 U. S. C. §1441, *et seq.*, to remove this action from the Superior Court of the Commonwealth of the Northern Mariana Islands Saipan, in which said action is now pending under the above-captioned title.

2.   This is an action in which the federal district court has original jurisdiction upon of the following bases: Plaintiff's cause of action is based upon a claim or right that infringes upon the Constitution, treaties or laws of the United States, 28 U.S.C. §1441(b) (applying 28 U.S.C. § 1331), See, Plaintiffs' Summons, Verified Complaint and Demand for Jury Trial, attached to this Notice of Removal as Appendix "*A*."

## PLAINTIFFS' CAUSES OF ACTION:

3.   Plaintiffs seek termination and ejectment of MTC from MTC's right to sue the rights-of-way/easements given by the CNMI Government, under its telecommunications franchise agreement with MTC, in violation of a MTC's contractual relationship with the CNMI Government to serve as the CNMI local telephone exchange carries.

4.   Plaintiffs seek the remedy of leasehold termination and ejectment of MTC from previously-acquired leases/telecomcable rights-of-way/easements from its various telecom-munications network throughout the CNMI and from the MTC's remote switching stations located at: Susupe, Saipan; As Gonno Saipan; Garapan, Saipan; Kagman, Saipan, Tinian, and, Sinapalu, Rota, the effect of which is granted would cause a CNMI wide cessation of telecom services and a barrier to MTC providing interstate and/or intrastate telecommunications services for the people of the CNMI.

5.  MTC is the duly franchised CNMI telecommunications local exchange carrier and subject to the provisions of the Federal Telecommunications Act of 1996, P.L. 104-104, 110 Stat. 59 (1996), codified at 47 U.S.C. § 251, *et seq.*, MTC holds various rights-of-way/easements from the CNMI Government for its underground telecommunications cable used to transmit telecommunications data.

6.  Plaintiffs have embarked on a course of conduct, which seeks to impose lease and easement requirements that are discriminatory and not competitively neutral, the effect of which would amount to a regulatory scheme that would prohibit MTC from providing competitively-priced telecommunications services in violation of 47 U.S.C. § 253, a law of the United States. Plaintiffs' actions pursuant to this scheme are unlawful and are pre-empted by federal law.

7.  Plaintiffs' causes of action clearly disclose that they seek unfair and unreasonable compensation from MTC by signing rates which are not competitively neutral and are discriminatory. Such actions violate 47 U.S.C. § 253, a law of the United States. Plaintiffs' actions would ultimately prohibit MTC's ability to provide fair and competitively priced telecommunications services. They also are pre-empted by federal law.

8.  Although Plaintiffs action is allegedly not contrary to the MTC / CNMI Government telecom utility service franchise agreement which allegedly was modified by the CNMI Fiber Optic Communications Facilitation and Competitive Telecommunications Act of 1996, 2 CMC § 1222(b), *et seq.*, under which Act all breaches or default committed by a party of the terms and conditions of a right-of-way given are subject to enforcement by the Secretary of the CNMI Department of Lands and Natural Resources, not by MPLA. Further, to the extent the application of the Act impairs an existing contractual obligation entered into prior to the Act, such would violate the U.S. Constitution, Article I, Section 10.

9. Plaintiffs seek divestment of MTC's right-of-way use under its franchise agreement, purportedly modified by the CNMI Fiber Optic Communications Facilitation and Competitive Telecommunications Act of 1996, 2 CMC § 1222(b), *et seq.*, which in turn is premised upon the jurisdictional authority of the Marine Sovereignty Act of 1980, 2 CMC § 1101, *et seq.*, and the Submerged Lands Act, 2 CMC § 1201, *et seq.*, each of which local laws was declared pre-empted by or in violation of federal law. See. in *CNMI v. United States*, 399 F.3d 1057, 1066-67 (9th Cir. 2005). Further, Plaintiffs' assertion of authority over CNMI submerged lands, as defined in 2 CMC § 1213(k), violates the Supremacy Clause of the United States Constitution and gives rise to a claim or right arising under the Constitution, treaties or laws of the United States, which claims or rights MTC may seek declaratory and/or injunctive relief to assert Federal pre-emption. *Bud Antle, Inc. v. Barbosa*, 45 F.3d 1261, 1269 (9th Cir. 1994) (even in absence of explicit statutory provision establishing a cause of action, party may ordinarily seek declaratory and/or injunctive relief against state action on the basis of federal pre-emption).

10. Plaintiffs seek divestment of MTC's rights under its franchise agreement with the CNMI Government, by asserting that the agreement was modified in accordance with the CNMI's Fiber Optic Communications Facilitation and Competitive Telecommunications Act of 1996, 2 CMC § 1222(b), *et seq.*, but this Act infringes upon and impairs the pre-existing contractual terms in existence between the CNMI Government and MTC, in violation of the U.S. Constitution, and MTC/PTI's rights arising under the Constitution, treaties or laws of the United States.

11. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Superior Court of the CNMI, and this Notice of Removal is being served on all adverse parties.

12. Petitioners reserve the right to amend or supplement this Notice of Removal.

1
2   **WHEREFORE,** Petitioners do hereby remove the action now pending against them in the
3   Superior Court of the CNMI, Saipan, as Civil Action No. 05-0393C, to this Court.
4
5   RESPECTFULLY SUBMITTED this 2nd day of November, 2005.
6
7   _____
8   Colin M. Thompson
    Attorney for Defendants
9   Pacific Telecom, Inc., and
    Micronesian Telecommunications Corporation