1  RAMON K. QUICHOCHO, ESQ.
   2nd Floor, V.S. Sablan Building, Chalan Piao
2  P.O. Box 505621
   Saipan, MP 96950
3  Tel. No.: 670.234.8946
   Fax: 670.234.8920
4  Email: rayq@vzpacifica.net

5  *Attorney for Plaintiff Board of MPLA*

6  MATTHEW T. GREGORY, ESQ.
   2nd Floor, V.S. Sablan Building, Chalan Piao
7  PMB 419, Box 10000
   Saipan, MP 96950
8  Tel. No.: 670.234.3972
   Fax: 670.234.3973
9
   *Attorney for Plaintiff MPLA*
10

11              **IN THE SUPERIOR COURT**
                      **OF THE**
12      **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

13  BOARD OF THE MARIANAS PUBLIC       )   CIVIL ACTION NO. _05-0393 C_
14  LANDS AUTHORITY AND MARIANAS       )
    PUBLIC LANDS AUTHORITY, for themselves )
15  and on behalf of the Northern Marianas Descent, )
                                       )
16            Plaintiffs,              )
                                       )
17              vs.                    )   **EXHIBITS TO THE VERIFIED**
                                       )   **COMPLAINT AND DEMAND FOR**
18  MICRONESIAN TELECOMMUNICATIONS     )        **JURY TRIAL**
19  CORPORATION, PACIFIC TELECOM, INC., )
    AND DOES 1-5,                      )
20                                     )
              Defendants.              )
21                                     )
22  _____)

23

24

25

26

27

28

# EXHIBIT A
**Susupe Lease**

Filed: Lease Agreement   No. _873_   Book _1_
Page _21_   _3rd_ day of _1990_
_July_
_Margarita C. Fenud_
Clerk of Courts
Northern Mariana Islands

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
SAIPAN, MARIANA ISLANDS

## LEASE AGREEMENT

THIS LEASE AGREEMENT, made this _1ST_ day of _JULY_ ,
1980, on Saipan, Northern Mariana Islands, by and between the
MARIANAS PUBLIC LAND CORPORATION, its successors and assigns,
hereinafter called the "CORPORATION", whose offices are
located at the Nauru Building, Saipan, Northern Mariana
Islands, and MICRONESIAN TELECOMMUNICATIONS CORPORATION, a
Commonwealth of the Northern Mariana Islands Corporation of
Saipan, Northern Mariana Islands, its successors and assigns,
hereinafter called "LESSEE" without regards to number and
gender.

## WITNESSETH THAT:

WHEREAS, the Lessee desires to lease a certain parcel of
public land owned by the Government of the Commonwealth of
the Northern Mariana Islands for the purpose of constructing
and operating a satellite earth station and related facilities;
and

WHEREAS, the Corporation, which has the authority under
the Northern Mariana Islands Constitution regarding the
management and disposition of public lands, desires to
encourage the improvement of tele-communications facilities
within the Commonwealth which would be beneficial for the
people of the Commonwealth.

NOW THEREFORE, in consideration of the mutual covenants
and promises contained herein, it is agreed as follows:

ARTICLE 1.    GRANT OF PREMISES

The Corporation hereby leases to the Lessee and the
Lessee hereby takes from the Corporation the following

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1  described real property, to wit:  Tract No. 22913 owned by

2  the Government of the Commonwealth of the Northern Mariana

3  Islands, and which lies and is situated at Susupe, Saipan,

4  Northern Mariana Islands, and survey-described as follows:

5

6    Beginning at a point, designated as Corner No. 1,
   having plane grid coordinates of 49,071.89 meters
7    north by 49,790.49 meters east on the Mariana
   Islands Plane Coordinate System of 1966;
8
   Thence N 53° 10' 06" W, a distance of 61.18
9    meters to Corner No. 2;

10   Thence N 31° 53' 07" E, a distance of 93.80
   meters to Corner No. 3;
11
   Thence S 53° 28' 10" E, a distance of 61.16
12   meters to Corner No. 4;

13   Thence S 31° 53' 07" W, a distance of 94.12
   meters to Corner No. 1, being the place of
14   beginning;

15   containing an area of 5,728.00 square meters,
   more or less;
16
   All as more particularly shown on Division of
17   Lands and Surveys Survey Plat No. 2154/79, a
   portion of which is attached hereto, labelled
18   "Exhibit A", and incorporated herein by this
   reference.
19

20  ARTICLE 2.      PURPOSE

21     The Premises are leased and shall be used, unless

22  otherwise expressly consented to by the Corporation in

23  writing, solely for the purpose of constructing, operating,

24  and maintaining a satellite earth station and related

25  facilities.

26     Nothing in this Article shall be construed as relieving

27  the Lessee, its successors and assigns, from the duty of

28  conforming to or complying with all laws, regulations, or

29  ordinances applicable in the Northern Mariana Islands,

30  whether federal or local.

31  ARTICLE 3.      RENTAL

32     The Lessee, in consideration of the foregoing, covenants

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

and agrees to pay to the Corporation, in the manner prescribed
herein, in lawful money of the United States of America, the
following rental:

A. <u>Rental</u>

1. For the first five (5) years of the leasehold
period, the Lessee shall pay the Corporation,
or its successors and assigns, a monthly
rental of Four Hundred and Fifty Dollars
($450.00), in lawful U.S. currency, payable on
a quarterly basis on or before the 1st day of
each calendar quarter.

2. For every succeeding five-year period thereafter,
the monthly rental shall be adjusted and
increased in accordance with the prevailing
inflationary index in effect at the end of the
preceding five-year period. The index to be
used will be that published monthly by the
U.S. Department of Commerce technically referred
to as the implicit price deflator. In no
event shall the monthly rental be lower than
$450.00 per month.

3. If this lease becomes effective after the
beginning of a calendar quarter, the quarterly
rental payment shall be accordingly adjusted
pro-rata by the number of days remaining that
quarter, and payment of such amount shall be
due on the effective date of the lease. The
effective date of this lease shall be the date
the lease is executed by the parties hereto.

B. <u>Manner of Payment</u>. The Lessee shall discharge its
obligation of payment under this Article by depositing the
payments required under this Article with the Corporation at

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1    its offices, located at P. O. Box 380, Nauru Building,

2    Saipan, Mariana Islands, or in such other manner as the

3    Corporation may from time to time designate in writing.  The

4    rent shall be made payable to the Marianas Public Land

5    Corporation, unless otherwise specified.

6         C.    Time Payment; Interest.  All rents payable pursuant

7    to the terms of this Lease Agreement shall be paid without

8    prior notice or demand.  Past due rental shall bear interest

9    at eight percent (8%) per annum from the date it becomes due

10   until paid, but this provision shall not be construed to

11   relieve the Lessee from any default in making any rental

12   payment at the time and in the manner herein specified.

13   ARTICLE 4.    TERM OF LEASE

14        The term of this lease shall be for a period of fifteen

15   (15) years, unless sooner terminated pursuant to the applicable

16   provisions of this lease or by mutual consent of the parties.

17   The Lessee shall have a right of option to extend for an

18   additional five (5) year period, exercisable and valid if and

19   only if the Lessee's franchise agreement with the Northern

20   Marianas Government to provide telecommunication services for

21   the Northern Mariana Islands, as entered into on October 22,

22   1976, and amended May 1, 1979, is hereinafter extended beyond

23   October 22, 1996 for a period of not less than five (5)

24   years; and provided further, that the Lessee shall give the

25   Corporation at least 90 days' written notice in advance of

26   the expiration date of the leasehold period of Lessee's

27   intention to exercise the option.

28   ARTICLE 5.    CONSTRUCTION, MAINTENANCE, REPAIR, ALTERATION

29        All improvements placed on the Premises shall be constructed

30   in a good and workmanlike manner and in compliance with

31   applicable laws, regulations, ordinances, and building codes.

32   The Lessee shall, at all times during the term of this Lease

- 4 -

1    Agreement and at the Lessee's sole cost and expense, maintain

2    the Premises and all improvements thereon in good order and

3    repair and in a neat, and sanitary condition.  Unless the same

4    are to be promptly replaced with improvements having at least

5    an equal value, no removal or demolition of improvement

6    having a value in excess of Twenty-Five Thousand Dollars

7    ($25,000) shall take place without the prior written notice to

8    the Corporation.  The Lessee shall indemnify and hold harmless

9    the Corporation against liability for all claims arising from

10   the Lessee's failure to maintain the Premises and the improve-

11   ments situated thereon as hereinabove provided, or from the

12   Lessee's violation of any law, ordinance, or regulation appli-

13   cable thereto.

14   ARTICLE 6.    COMMENCEMENT AND COMPLETION

15       No later than six (6) months after the execution of this

16   Lease Agreement, the Lessee shall begin the construction of

17   the improvements as shown in the drawings, designs, and speci-

18   fications of the Earth Station facilities on the demised premises.

19   Such drawings, designs, and specifications shall be furnished

20   to the Corporation within one month of the effective date of

21   this lease.  Prior to the construction of any additional improve-

22   ments to the demised premises, Lessee shall submit plans and

23   specifications therefor to the Corporation.  All plans and

24   specifications for the construction of improvements to the

25   demised premises shall be subject to review and approval by the

26   Corporation within fourteen (14) days of receipt, to assure

27   workmanlike construction and compliance with applicable laws.

28   All necessary permits or certificates shall be obtained by the

29   Lessee from the appropriate governmental agencies prior to

30   construction of improvements.  Lessee shall furnish to the

31   Corporation as-built drawings of all improvements constructed

32   by it upon the Premises.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 5 -

ARTICLE 7.    COVENANT TO MAINTAIN A CLEAN AND HEALTHFUL ENVIRONMENT

The Lessee agrees that it shall conduct its activities on the premises in a manner consistent with the constitutional provision requiring the maintenance of a clean and healthful environment and, to this extent, comply with applicable environmental laws and regulations.  The Lessee agrees to obtain all necessary permits, approvals, consent, or certification needed from governmental agencies in order to conduct its operations within the confines of applicable laws and regulations.  The Lessee agrees that it shall be strictly liable for any and all injuries to persons and property on the demised premises resulting from a violation of such laws and regulations, and agrees to hold the Corporation free and harmless therefor.

ARTICLE 8.    SUBLEASE, ASSIGNMENT, TRANSFER

A.    Sublease, Assignment, Transfer.  The Lessee shall not sublease, assign, or transfer all or any part of its interest in this Lease Agreement or in or to the Premises or any portion thereof or any improvement thereon without the express prior written approval of the Corporation.  Any sublease, assignment, or transfer made and approved shall be consistent with the purpose scope of this lease.  The Lessee shall not grant subleases or otherwise contract for or permit any business or commercial enterprises or activities to be conducted or performed on the Premises by any person or entity other than the Lessee or its employees, without the express prior written approval of the Corporation.  The Corporation shall have the right to review the commercial, business or economic consideration for any proposed subleases (such as, the personal or financial qualifications of the sublessee or the feasibility of the sublease).  Prior approval of the Corporation shall also be required for the grant of a sublease, assignment, transfer, or permit to a Northern Marianas citizen or to a Northern Marianas corporation wholly owned by citizens of the Northern Mariana Islands.  No sublease,

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 6 -

assignment, transfer, or contract shall be valid or binding

without said approval, and then only upon the condition that

the respective sublessee, assignee, transferee, permittee, or

other contracting party shall agree in writing that in the

event of conflict between the provisions of this Lease Agreement

and of his respective sublease, assignment, transfer, or

permit, the provisions of this Lease Agreement shall govern.

Finally, it is hereby agreed that in the event of a sublease,

assignment, or transfer of this lease agreement, the Corporation

may at its sole option require as a condition for approval of

the sublease, assignment, or transfer of this lease, a rene-

gotiation of the existing rental provisions on mutually

acceptable terms.

    B.   **Each Approval Separate.**  The approval of one

sublease, assignment or transfer, shall not validate a

subsequent sublease, assignment or transfer and the res-

trictions of this Article shall apply to each subsequent

transaction and shall be severally binding upon each and

every sublease, assignee, transferee, and other successor in

interest of the Lessee.

ARTICLE 9.    STATUS OF SUBLEASES

    Termination of this Lease Agreement, in whole or in

part, by cancellation or otherwise, may at the option of the

Corporation terminate the subleases, or subtenancies, or may

operate as an assignment to the Corporation of any and all

such subleases, and subtenancies.

ARTICLE 10.    AGREEMENTS FOR UTILITY LINES

    The Lessee may enter into agreements with public utility

companies or with the Government of the Northern Mariana

Islands or any of its political subdivisions to provide

utility services, including gas, water, electricity, telephone,

television, and sewer lines necessary to the full enjoyment

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 7 -

1  of the Premises and the development thereof in accordance

2  with the provisions of this Lease Agreement.  The Lessee

3  shall furnish to the Corporation executed copies thereof

4  together with a plat or diagram showing the true location of

5  the utility lines to be constructed in accordance therewith.

6  ARTICLE 11.    RIGHTS OF WAY FOR STREETS AND UTILITY LINES

7      The Corporation hereby agrees to give necessary rights

8  of way on public lands when feasible, for streets, utility

9  lines, and pipelines, necessary to the full enjoyment of the

10  Premises and the full development thereof.  Such rights of

11  way are to be granted by the Corporation in accordance with

12  the approved physical development master plan of the Corporation.

13  The Corporation, on behalf of the Government of the Commonwealth

14  of the Northern Mariana Islands, reserves easement rights on

15  the Premises during the term of this lease to construct, when

16  necessary, power and water lines and pipes, as well as necessary

17  access roads; provided, however, that the easement rights

18  herein reserved shall not materially interfere with Lessee's

19  right to use and enjoy the demised Premises for the purposes

20  as demised.  The existing roads running through a portion of

21  the demised premises shall continue to be used by the general

22  public, until after such roadways shall have been hereafter

23  realigned to the boundary of the demised premises.

24  ARTICLE 12.    RIGHT OF MORTGAGE

25      The Lessee, its successors and assigns may, subject to

26  the express prior written approval of the Corporation,

27  mortgage this Lease Agreement and the Lessee's interest

28  hereunder, provided that no holder of any mortgage of this

29  Lease Agreement or the Lessee's interest hereunder, or any

30  one claiming by, through or under any such mortgage shall, by

31  virtue thereof, except as provided in Article 13 hereof,

32  acquire any greater rights hereunder than the Lessee, and no

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 8 -

mortgage of this Lease Agreement or the Lessee's interest

hereunder, in whole or in part, by the Lessee or the Lessee's

successors or assigns shall be valid, unless:  (i) at the

time of the making of such mortgage, there shall be no default

under any of the agreements, terms, covenants and conditions

to be performed by the Lessee under this lease; (ii) such

mortgage shall be subject to all of the agreements, terms,

covenants and conditions of this Lease Agreement, (iii) any

such mortgage shall reserve to the Corporation prior right,

in the event of Lessee's default under the same and after

notice of the same character and duration as required to be

given to Lessee, to correct the default or to purchase the

same and terminate this Lease Agreement; and (iv) such

mortgage shall contain the following provisions:

> "This instrument is executed upon condition
>
> that (unless this condition be released or
>
> waived by the Corporation or its successors
>
> in interest by an instrument in writing) no
>
> purchaser or transferee of said Lease
>
> Agreement at any foreclosure sale hereunder,
>
> or other transfer authorized by law by
>
> reason of a default hereunder where no
>
> foreclosure sale is required, shall, as a
>
> result of such sale or transfer, acquire
>
> any right, title or interest in or to said
>
> Lease Agreement or the leasehold estate
>
> hereby mortgaged unless (i) the Corporation
>
> shall receive written notice of such sale
>
> or transfer of said Lease Agreement within
>
> fifteen (15) days after the effective date
>
> of such sale or transfer and (ii) a duplicate
>
> original copy of the instrument or instruments

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96850

- 9 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1    used to effect such sale or transfer shall

2    be delivered to the Corporation within

3    thirty (30) days after the execution and

4    delivery thereof."

5    Any mortgage entered into shall be in strict compliance

6    with all applicable laws and regulations, including mortgage

7    security instrument laws, or applicable constitutional

8    provisions, in order to be valid and enforceable.

9    ARTICLE 13.   RIGHTS OF LEASEHOLD MORTGAGEES

10    If the Lessee or the Lessee's successors or assigns

11    shall mortgage this Lease Agreement or its interest in the

12    Premises, in accordance with the provisions of this Lease

13    Agreement, then so long as any such leasehold mortgage, as

14    hereinafter defined, shall remain unsatisfied of record, the

15    following provisions shall apply:

16    A.   Notice to Mortgagee.   The Corporation shall serve

17    upon the Lessee any notice of default pursuant to the provisions

18    of Article 21 or any other notice under the provisions of or

19    with respect to this Lease Agreement.  The Lessee shall

20    thereafter serve a copy of such notice upon the holder of the

21    then existing mortgage of this Lease Agreement or the Premises.

22    Service of such notice of default upon the Lessee shall be

23    deemed as service on the mortgagee who shall thereafter have

24    the same period as the Lessee for remedying the default or

25    causing the same to be remedied, as is given the Lessee after

26    service of such notice upon it.

27    B.   Remedy.   Such leasehold mortgagee of this Lease

28    Agreement or the Premises, in case the Lessee shall be in

29    default hereunder, shall, within the period and otherwise as

30    herein provided, have the right to remedy such default, or

31    cause the same to be remedied, and the Corporation shall

32    accept such performance by or at the instigation of such

1  leasehold mortgagee as if the same had been performed by the

2  Lessee.

3      C.   Diligent Prosecution.  No default on the part of

4  Lessee in the performance of work required to be performed,

5  or acts to be done, or conditions to be remedied, shall be

6  deemed to exist, if steps shall, in good faith, have been

7  commenced promptly to rectify the same and shall be prosecuted

8  to completion with diligence and continuity in accordance

9  with Article 22, on "Default", unless otherwise specified in

10  this Lease Agreement.

11      D.   Termination.  Anything herein contained notwith-

12  standing, while such leasehold mortgage remains unsatisfied

13  of record, if any event or events shall occur which shall

14  entitle the Corporation to terminate this Lease Agreement,

15  and if before the expiration of ninety (90) days after the

16  date of service of notice of termination by the Corporation

17  all rent and other payments herein provided for then in

18  default is fully paid, and shall have complied or shall be

19  engaged in the work of complying with all the other requirements

20  of this Lease Agreement, if any, then in default, then in

21  such event the Corporation shall not be entitled to terminate

22  this Lease Agreement and any notice of termination theretofore

23  given shall be void and of no force or effect, provided,

24  however, nothing herein contained shall in any way affect,

25  diminish or impair the right of Corporation to terminate this

26  Lease Agreement or to enforce any other remedy upon the

27  nonpayment of any sum thereafter payable by the Lessee or

28  upon any other subsequent default in the performance of any

29  of the obligations of the Lessee hereunder.

30      E.   Notice of Termination.  In the event of the termina-

31  tion of this Lease Agreement prior to the natural expiration

32  of the term hereof, whether by summary proceedings to disposses,

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1    service of notice to terminate or otherwise, due to default

2    of the Lessee as provided in Article 21 hereof, or any other

3    default of the Lessee, the Corporation shall serve upon the

4    holder of the then existing mortgage on this Lease Agreement

5    or the Premises written notice of such termination.  Nothing

6    herein contained shall release the Lessee from any of its

7    obligations under this Lease Agreement which may not have

8    been discharged or fully performed by any mortgagee of this

9    Lease Agreement or the Premises, or its designee.

10       F.    First Mortgage Only.  Whenever reference is made

11   herein to the holder of the mortgage on this Lease Agreement

12   or the Premises, the same shall be deemed to refer only to

13   the holder of the first mortgage on this Lease Agreement or

14   the Premises, if any, as shown by last notice by registered

15   mail given to the Corporation.  Any notice or other communication

16   to any such holder or mortgagee shall be in writing and shall

17   be served either personally or by certified or registered

18   airmail addressed to such holder or mortgagee at his address

19   appearing on such records or at such other address as may

20   have been designated by notice in writing from such holder or

21   mortgagee to the party serving such notice or communications.

22   Nothing contained in this Article shall be construed so as to

23   require the Corporation to serve notices upon or recognize

24   any leasehold mortgagees other than the holder of such first

25   mortgage on this Lease Agreement or the Premises, as aforesaid.

26   ARTICLE 14.    LIENS, TAXES, ASSESSMENTS, UTILITY CHARGES

27       The Lessee shall not permit to be enforced against the

28   Premises, or any part thereof, any liens arising from any

29   work performed, materials furnished or obligations incurred

30   by the Lessee or its sublessees and the Lessee shall discharge

31   or post bond against all such liens before any action is

32   brought to enforce same.  The Lessee shall pay, when and as

- 12 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

the same become due and payable, all taxes, assessments,

licenses, fees, utility charges, and other like charges

levied during the term of this Lease Agreement upon or

against the Premises, any interest therein or property

thereon for which the Lessee, or the Corporation may become

liable.  Upon written request the Lessee shall furnish to the

Corporation written evidence, duly certified, that any and

all taxes and other charges required to be paid by the Lessee

or its sublessees have been paid, satisfied, or otherwise

discharged.  The Lessee shall have the right to contest any

claim, tax, or assessment against the Premises by posting

bond to prevent enforcement of any lien resulting therefrom.

The Lessee agrees to protect and hold harmless the Corporation

and the Premises and all interest therein and improvements

thereon from any and all claims, taxes, assessments, and like

charges and from any lien therefore or sale or other proceedings

to enforce payment thereof, and all costs in connection

therewith.  The Lessee shall pay all charges for water,

sewage, gas, electricity, telephone and other utility services

supplied to the Premises as they become due.

ARTICLE 15.    PUBLIC LIABILITY INSURANCE AND INDEMNIFICATION

At all times during the term of this Lease Agreement,

the Lessee shall at its expense carry a public liability

insurance policy in the amount of not less than One Hundred

Thousand Dollars ($100,000.00) per person and Two Hundred

Thousand Dollars ($200,000.00) per incident or accident for

personal injury and One Hundred Thousand Dollars ($100,000.00)

for property damage arising from any use of the Premises or

of any improvement thereon, which policy shall be written

jointly to protect the Lessee and the Corporation.  The

policy shall contain a clause requiring that the Corporation

be given thirty (30) days' notice prior to any cancellation

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 13 -

1   or termination of the policy. A copy of such policy or

2   policies or an acceptable certificate shall be obtained by

3   Lessee and be furnished to the Corporation within three (3)

4   months of the effective date of this lease.

5       Neither the Corporation, nor its officers, agents,

6   employees, or the Government of the Commonwealth of the

7   Northern Mariana Islands shall be liable for any loss,

8   damage, or injury of any kind whatsoever to the person or

9   property of the Lessee or sublessees or any other person

10  whomsoever, caused by any use of the Premises, or by any

11  defect in any structure erected thereon, or arising from any

12  accident, fire, or other casualty on the Premises or from any

13  other cause whatsoever; the Lessee agrees to hold the Corporation,

14  its successors and assigns, free and harmless from any and

15  all liability for all claims for any loss, damage, injury, or

16  death arising from the use of the Premises by Lessee or its

17  sublessees, together with all costs and expenses in connection

18  therewith.

19  ARTICLE 16.    FIRE AND DAMAGE INSURANCE

20      The Lessee shall, from the effective date of this Lease

21  Agreement, carry fire and damage insurance with extended

22  coverage endorsements, jointly in the names of the Lessee and

23  the Corporation, covering the full insurable value of all

24  permanent improvements on the Premises, subject to appropriate

25  co-insurance provisions.  The policy shall contain a clause

26  requiring that the Corporation be given thirty (30) days'

27  notice prior to any cancellation or termination of the policy.

28  A copy of such policy or policies or an acceptable certificate

29  shall be deposited with the Corporation within thirty (30)

30  days of the same being obtained by the Lessee.  The Lessee

31  shall pay all premiums and other charges payable in connection

32  with insurance carried by the Lessee.

- 14 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1      In the event of damage to any permanent improvement on

2   the Premises, the Lessee shall reconstruct such improvement

3   in compliance with applicable laws, ordinances, and regulations

4   and in accordance with the applicable provisions of this

5   Lease Agreement.  Such reconstruction shall commence within

6   six (6) months after the damage occurs and shall be pursued

7   diligently and completed within one (1) year of the occurrence.

8      In the event of damage to the extent of seventy-five

9   percent (75%) or more of the total value of all permanent

10  improvements on the Premises during the last five (5) years

11  of the renewal period of this Lease Agreement, the Lessee for

12  ninety (90) days shall have the option to agree to reconstruct

13  the damaged improvement(s).  Should the Lessee fail to notify

14  the Corporation in writing of the exercise of its option to

15  reconstruct within ninety (90) days of the occurrence of

16  damage, the Premises shall be cleared at the Lessee's expense

17  and upon completion of such clearing this Lease Agreement

18  shall terminate.  All insurance proceeds accruing as a result

19  of the fire or damage, it is jointly agreed hereto, shall be

20  for the sole benefit of and made payable to the Corporation,

21  or its lawful successors and assigns.  Any damages incurred

22  or suffered by any sublessee, assignee, mortgagee or otherwise

23  as a result of such termination shall be borne solely by the

24  Lessee.

25  ARTICLE 17.    IMPROVEMENTS

26      All improvements, personal property, fixtures, and trade

27  fixtures constructed, erected, or installed on the demised

28  Premises during the term hereof and any extension thereof

29  shall be and remain the property of the Lessee, free and

30  clear of all liens, and encumbrances.  Upon expiration or

31  earlier termination of this lease, or any renewal thereof,

32  all buildings and permanent improvements shall belong to the

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 15 -

Corporation, or its successors and assigns.  It is specifi-
cally understood and agreed that any Earth Station and
related equipment to be constructed or installed upon the
Premises is not and shall not be deemed a permanent improvement,
and shall be and remain the personal property of Lessee or
any other person with whom Lessee may contract for the
construction, installment, and use of such Earth Station and
related equipment.  The Lessee, shall within the three (3)
months of such expiration or termination, remove all non-
permanent improvements, personal property, fixtures, and
trade fixtures from the demised Premises; and for that
purpose, Lessor agrees that Lessee, and its agents, employees,
successors, and assigns, shall within such three-month period
have easements satisfactory to Lessee for ingress and egress
to and from the demised Premises.

ARTICLE 18.    UNLAWFUL USE

The Lessee covenants and agrees not to use or cause or
permit to be used any part of the Premises for any unlawful
conduct or purpose.

ARTICLE 19.    CONDEMNATION

If at any time during the term hereof the whole of the
Premises shall be taken for any public or quasi-public use,
under any statute, or by right of eminent domain, then, in
such event, when possession of the Premises shall have been
taken thereunder by the condemning authority, the term hereby
granted, and all rights of the Lessee hereunder, shall immediately
cease and terminate, and the rent shall be ratably abated as
of the date of such termination and any excess rental theretofore
paid by the Lessee to the Corporation shall be refunded by
the Corporation.  In such event, the Lessee shall be entitled
to interpose and prosecute in any condemnation proceedings, a
claim for the value of the Lessee's remaining leasehold

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 16 -

interest in the Premises and the value of the improvements

situated thereon.  The Corporation shall in any event,

however, be entitled to receive the award for the full value

of its remainder in the Premises plus its proportionate share

in the value of the improvements.  If only a part of the

Premises shall be so taken or condemned, the award shall be

distributed in the same manner, and this Lease Agreement

shall not cease and terminate but shall, as to the portion of

the Premises not taken or condemned, continue in full force

and effect except that the minimum rental shall be, as of the

date of such taking, reduced ratably in proportion to the

extent the Premises is so condemned and taken; provided,

however, in the event such partial condemnation or taking, in

Lessee's sole opinion, shall decrease the Premises or the

improvements thereon to an extent materially affecting the

Lessee's use of the Premises and the improvements thereon and

the business of the Lessee conducted in connection therewith,

then, the Lessee may elect to cancel and terminate this Lease

Agreement as of the date possession of that part of the

Premises so condemned shall have been taken, which election

shall be made within sixty (60) days from the date of such

taking of possession by giving notice to the Corporation.  In

the event this Lease Agreement is cancelled and terminated by

the Lessee as herein provided, the rent shall be ratably

abated as of the date of such cancellation and termination

and any excess rental theretofore paid by the Lessee to the

Corporation shall be refunded by the Corporation.

ARTICLE 20.    ARBITRATION

    Any dispute arising under this Lease Agreement which

cannot be settled by mutual agreement of the parties within

sixty (60) days after either party formally requests such a

settlement may be referred by either party to an Arbitration

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 17 -

Board whose majority decision shall be binding on all parties
to this Lease Agreement.  The Arbitration Board shall consist
of three persons: One member to be selected by the Lessee on
its own initiative or within twenty (20) days of a request by
the Corporation to select a member; one member to be selected
by the Corporation on its own initiative or within twenty
(20) days of a request by the Lessee to select a member; and
the third to be selected by the other two members.  If the
two members selected by the Lessee and the Corporation are
unable to agree upon a third member within twenty (20) days
after selection of the second member has been made, the Chief
Judge of the Commonwealth Trial Court for the Northern
Marianas shall select the third member.  The costs of such
Arbitration Board shall be shared equally by the Lessee and
the Corporation, and, except as hereinabove provided, the
arbitration proceedings shall be conducted in accordance
with, and the Arbitration Board shall be governed by then
current rules of the American Arbitration Association.

ARTICLE 21.    DEFAULT

If any of the following events shall occur:

a)    If any voluntary or involuntary petition in bankruptcy
      or insolvency, or any assignment for the benefit of
      creditors or a receiver shall be made, filed or
      appointed by or against the Lessee, or if the
      Lessee's leasehold interest in the Premises shall
      be levied upon under execution or attachment by any
      process at law or in equity;

b)    if the Lessee shall abandon the Premises;

c)    if the Lessee shall default in the prompt payment
      to the Corporation of rent reserved hereunder, and
      such default shall continue for a period of thirty
      (30) days after notice of such default is given by

- 18 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

<div style="writing-mode: vertical">MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950</div>

1    the Corporation to the Lessee; or,

2    d)    if the Lessee shall default in the prompt and full

3    performance of any other term, covenant or condition

4    of this Lease Agreement, and such default shall

5    continue for a period of sixty (60) days after

6    notice of such default is given by the Corporation

7    to the Lessee, unless the default is of such a

8    nature that the same cannot be cured or corrected

9    within said sixty (60) days' period and the Lessee

10    shall have promptly and diligently commenced to

11    cure and correct such default and shall have

12    thereafter continued therewith with reasonable

13    diligence and in good faith, in a manner so as to

14    cure and correct the same as promptly as reasonably

15    practicable under the circumstances, and shall,

16    have continued therewith until the default shall

17    have been cured and correct;

18    then, and in any such event, the Corporation may exercise any

19    of the following remedies or any other remedy available to

20    the Corporation at law or in equity, and all such remedies

21    shall be cumulative and non-exclusive of any one or more such

22    remedies, and the exercise of one remedy shall not be deemed

23    to be an exclusive election of the remedy or remedies exercised

24    or a waiver of the remedies not exercised:

25    1.    Collect, by suit or otherwise, all monies as they

26    become due hereunder, or enforce, by suit or

27    otherwise, the Lessee's compliance with any provision

28    of this Lease Agreement;

29    2.    Re-enter the Premises and remove all persons and

30    property therefrom, and relet the Premises without

31    terminating this Lease Agreement, as the agent and

32    for the account of the Lessee, but without prejudice

- 19 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1     to the right to terminate this Lease Agreement

2     thereafter, and without invalidating any right of

3     the Corporation or any obligation of the Lessee

4     hereunder.  Terms and conditions of such reletting

5     shall be at the discretion of the Corporation

6     which shall have the right to alter and repair the

7     Premises as it deems advisable, and to relet with

8     or without any equipment or fixtures situated

9     thereon.  Rents from any such reletting shall be

10    applied first to the expenses of reletting, collecting,

11    altering, and repairing, including but not limited

12    to attorney's fees and any brokerage or agency

13    commissions actually paid, and thereafter toward

14    the payment of all amounts due to the Corporation.

15    If a sufficient sum is not thus realized to liquidate

16    the total amount due, the Lessee shall pay to the

17    Corporation monthly, when due, any deficiency, and

18    the Corporation may sue thereafter as each monthly

19    deficiency shall arise; and/or

20    3.    Terminate this Lease Agreement at any time even

21    though the Corporation has exercised rights as

22    outlined in (1) and (2) above.

23   ARTICLE 22.   ATTORNEY'S FEES

24    If any action be brought by either party to enforce

25  performance of any of the covenants and conditions of this

26  Lease Agreement, the prevailing party shall be entitled to

27  recover reasonable Attorney's fees to be fixed by the Court

28  as part of the costs in any such action.

29   ARTICLE 23.   HOLDING OVER

30    Holding over by the Lessee after the termination or

31  expiration of this Lease Agreement shall not constitute a

32  renewal or extension thereof or give the Lessee any rights

1  hereunder or in or to the Premises, and such holding over

2  shall be construed as a tenancy at will; provided, that the

3  Lessee shall pay rental at double rate then applicable under

4  this Lease Agreement for any period of holding over.

5      The Corporation may at any time during any period of

6  holding over exercise the remedies specified in Article 22

7  above.

8  ARTICLE 24.    NO PARTNERSHIP:  OPERATION OF BUSINESS

9      Nothing contained in this Lease Agreement shall be

10  deemed or construed by the parties hereto, or by any third

11  persons, to create the relationship of principal and agent,

12  or a partnership, or a joint venture, or of any association

13  between the Corporation and the Lessee, and neither the

14  method of computation of rent nor any other provisions

15  contained in this Lease Agreement, nor any acts of the

16  parties hereto, shall be deemed to create any relationship

17  between the Corporation and the Lessee, other than the

18  relationship of lessor and lessee.

19      The Lessee shall, and all subleases shall, provide that

20  any sublessee shall, employ its best judgment, efforts and

21  abilities to provide the best practicable service, and to

22  enhance the reputation and attractiveness of the Premises and

23  the facilities thereon.

24  ARTICLE 25.    PAYMENTS AND NOTICES

25      All notices, payments, and demands, except as otherwise

26  provided herein, shall be sent to the parties to this Lease

27  Agreement at the address stated in this Article.  Notices and

28  demands shall be sent by registered mail.  Service of any

29  notice or demand shall be deemed complete ten (10) days after

30  mailing or on the date actually received whichever occurs

31  first.

32

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

FOR THE CORPORATION:    Executive Director
                        Marianas Public Land Corporation
                        P. O. Box 380
                        Saipan, CM  96950

FOR THE LESSEE:         Micronesian Telecommunications
                        Corporation
                        P. O. Box 306
                        Saipan, CM  96950

Either party may change its designated address or

representative by serving notice in writing on the other

party as provided above.

ARTICLE 26.    COVENANT OF QUIET ENJOYMENT

The Corporation covenants that the Lessee, upon paying

the rent required herein and upon fulfilling all the conditions

and agreements required of the Lessee by this Lease Agreement,

shall and may lawfully, peacefully, and quietly have, hold,

use, occupy, possess, and enjoy the Premises during the term

agreed upon without any let, suit, hindrance, eviction,

ejection, molestation, or interruption whatsoever of or by

the Corporation in its role as Lessor, or by any other person

lawfully claiming, by, from, under, or against the Corporation.

ARTICLE 27.    INSPECTION

The Corporation or its authorized representatives shall

have the right, at any reasonable times during the term of

this Lease Agreement, to enter upon the Premises, or any part

thereof, to inspect the same and all buildings and other

improvements erected and placed thereon.  In addition, the

Corporation or the Public Auditor for the Commonwealth shall

have the right to inspect and examine the books, records, and

accounts of the Lessee or its sublessees, from time to time.

ARTICLE 28.    DELIVERY OF PREMISES AND IMPROVEMENTS

Upon termination or expiration of this Lease Agreement,

the Lessee will peaceably and without legal process deliver

up the possession of the Premises, and all permanent improvements

thereon, in good condition, usual wear and tear and damage by

- 22 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1    Acts of God excepted.

2    ARTICLE 29.    NON-DISCRIMINATION

3      Neither the Lessee nor its sublessees shall cause or

4    permit discrimination on the basis of race, creed, sex, or

5    national origin in the providing of services, the hiring or

6    promoting of employees, or the utilization of facilities on

7    the Premises.

8    ARTICLE 30.    EMPLOYMENT OF CITIZENS OF THE NORTHERN MARIANA

9                      ISLANDS

10      The Lessee agrees: (i) to employ and train citizens of

11    the Northern Mariana Islands to the maximum extent feasible

12    in all activities and enterprises conducted by it on the

13    Premises; and (ii) to include in all subleases agreements

14    covering the Premises a similar provision with respect to

15    employment and training of citizens of the Northern Mariana

16    Islands. The provisions of this Article 30 are subordinate

17    to the provisions of Article 29 above.

18    ARTICLE 31.    WAGE RATES AND WORKMEN'S COMPENSATION

19      The Lessee and its sublessees shall at all times pay any

20    person employed by them on the Premises wages which are at

21    least equivalent to those paid for comparable work within the

22    Commonwealth, and in compliance with existing wage laws.

23      Until such time as a workmen's compensation statute is

24    enacted by law, and then with respect to any persons employed

25    on the Premises who may not be covered by such statute, the

26    Lessee, its sublessees and concessionaires, shall at their

27    own expense maintain a system of workmen's compensation for

28    all persons employed by any of them on the Premises which

29    shall be at least equivalent in coverage and benefits to that

30    provided by the Guam Workmen's Compensation Insurance Act.

31    ARTICLE 32.    GENERAL PROVISIONS AND DEFINITIONS

32      A.    Waiver. No waiver of any default of the Lessee

- 23 -

hereunder shall be implied from any omission by the Corporation

to take any action on account of such default if such default

persists or is repeated, and no express waiver shall affect

the default other than the default specified in the express

waiver, and that only for the time and to the extent therein

stated.  One or more waivers of any covenant, term or condition

of this Lease Agreement by the Corporation shall not be

construed as a waiver of any subsequent breach of the same

covenant, term of condition.  The consent or approval by the

Corporation to or of any act by the Lessee requiring the

Corporation's consent or approval shall not be deemed to

waive or render unnecessary the Corporation's consent or

approval to or of any subsequent or similar acts by the

Lessee.  Failure to obtain the express prior written consent

of the Corporation may, at the option of the Corporation,

terminate this lease.

   B.   <u>Agreement Complete</u>.  It is hereby expressly agreed

that this Lease Agreement contains all of the terms, covenants,

conditions and agreements between the parties hereto relating

in any manner to the use and occupancy of the Premises, and

that the execution hereof has not been induced by either of

the parties by representations, promises or understandings

not expressed herein and that there are no collateral agreements,

stipulations, promises or understandings of any nature what-

soever between the parties hereto relating in any manner to

the use and occupancy of the Premises and none shall be valid

or of any force or effect, and that the terms, covenants,

conditions and provisions of this Lease Agreement cannot be

altered, changed, modified or added to except in writing

signed by the parties hereto.

   C.   <u>Interpretation</u>.  The language in all parts of this

Lease Agreement shall be in all cases construed simply,

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 24 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1  according to its fair meaning, and not strictly for or

2  against the Corporation or the Lessee.  Captions and paragraph

3  headings contained herein are for convenience and reference

4  only, and shall not be deemed to limit or in any manner

5  restrict the contents of the paragraph to which they relate.

6       D.   Corporation Representative.  The authorized repre-

7  sentative of the Corporation for the purposes of administration

8  of this Lease Agreement shall be the Executive Director of

9  the Corporation or his designated representative, as he may

10  designate in writing.

11       E.   Condition of Premises.  The Lessee acknowledges

12  that it has examined the Premises prior to the making of this

13  Lease Agreement and knows the conditions thereof and that no

14  representation other than those expressed herein have been

15  made by the Government and the Lessee hereby accepts the

16  Premises in their present condition at the date of execution

17  of this Lease Agreement.

18       F.   Law Governing.  This Lease Agreement shall be

19  governed by the applicable laws in the Northern Mariana

20  Island, both as to interpretation and performance.

21       G.   Government Approval or Consent.  Whenever under

22  this Lease Agreement the approval or consent of the Corporation

23  is required, the Corporation shall not unreasonably withhold

24  such approval or consent and shall, unless otherwise provided,

25  either approve or state its reasons for disapproval of the

26  same within thirty (30) days after such approval or consent

27  is requested.

28  ARTICLE 33.  LEASE AGREEMENT BINDING

29       This Lease Agreement and the covenants, conditions and

30  restrictions hereof shall extend to and be binding upon the

31  successors and assigns of the parties hereto and to any other

32  person claiming to hold or to exercise any interest by, under

- 25 -

or through any of the parties hereto.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands as of the day and year first written above.

MICRONESIAN TELECOMMUNICATIONS          MARIANAS PUBLIC LAND
    CORPORATION                             CORPORATION
(LESSEE)                                (LESSOR)


By: _____            By: _____
    Its duly authorized                    Antonio R. Sablan
    representative                          Chairman
                                            Board of Directors


Attested by: _____
    Pedro A. Tenorio
    Executive Director
    Marianas Public Land Corp.



* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


COMMONWEALTH OF THE NORTHERN          )
    MARIANA ISLANDS                   )
                                      )
SAIPAN, MARIANA ISLANDS               )
_____     )

Before me, the undersigned, a notary public, on this day personally appeared _William R. Smith_____, known to me to be the person and officer whose name is subscribed to the foregoing Lease Agreement of Micronesian Telecommunications Corporation, and he acknowledged to me that he executed the same for the purposes and consideration therein expressed, and as the act and deed of said lessee corporation.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _24th_ day of _June_____, 1980.

Registered this _2nd_ day of _July_        _Maylin C. Villagomez_
19_80_ at _09:25_ AM/PM as Document        Notary Public
_10333_ at the Land Registry              My Commission expire 4/6/81

_Gusupe, Saipan_

Registrar

- 26 -