# EXHIBIT C

**Garapan Lease**

LA 70-1605

FILE NO. 90-3761

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS P 2: 03
SAIPAN, MARIANA ISLANDS 30 SEP 28

**LEASE AGREEMENT**

BOOK 4

COMMONWEALTH RECORDER

This Lease Agreement, made this 21st day of September

1990, on Saipan, Mariana Islands, by and between the MARIAN

PUBLIC LAND CORPORATION, its successors and assigns, hereinaft

called the "Corporation", whose offices are located at Capit

Hill, Saipan, Mariana Islands, and MICRONESIAN TELECOMMUN

CATIONS CORPORATION, its successors and assigns, hereinaft

called "Lessee".

The parties agree as follows:

ARTICLE 1.   GRANT OF PREMISES

The Corporation leases to the Lessee the described re

property known as Lot No. 076 D 01, located in Garapan, Saipa

Commonwealth of the Northern Mariana Islands, containing an ar

of 929 square meters, more or less, as shown on Drawi

Cadastral Plat No. 076 D 00, Commonwealth Recorder's File

90-3721, approved September 18, 1990, attached as Exhibit

which is incorporated herein and made part hereof by referen

together with all existing improvements thereon and appurtenan

thereto, herein called the "Premises".

ARTICLE 2.   PURPOSE

The property shall be used, except with the written cons

of the Corporation, only for the purpose of constructi

operating, and maintaining facilities for the exchange, switch

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

and transmission of telecommunication as well as a base yard for the storage of supplies, vehicles and maintenance equipment.

## ARTICLE 3.    TERM

The term of this Lease shall be for a period of twenty-five (25) years unless otherwise terminated pursuant to applicable provisions of this Lease.    The leasehold term shall commence on the first day of the month on which the Lease is executed.

## ARTICLE 4.    GRANT TO EXTEND

The Corporation grants the Lessee an extension of thi Lease for one (1) additional term of fifteen (15) years subjec to all of the terms and provisions set forth in thi Lease; provided, however, that this extension for an add: tional fifteen (15) years shall be subject to tl approval by the Northern Marianas Commonwealth Legislature provided for under Article XI, Section (c) of t Constitution of the Northern Mariana Islands.

## ARTICLE 5.    RENTAL

The Lessee, in consideration of the foregoing, covenants i agrees to pay to the Corporation, in the manner prescribed her in lawful money of the United States, annually as rent for Premises leased hereby the following rentals:

A.    GUARANTEED ANNUAL RENTAL

| PERIOD | AMOUNT |
|---|---|
| 1st Five Year Period | $12,640.35 |
| 2nd Five Year Period | $13,651.57 |

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 2 -

| 3rd Five Year Period | $14,743.70 |
| 4th Five Year Period | $15,923.20 |
| 5th Five Year Period | $17,197.05 |

The above annual rental shall be paid quarterly in advanc

B. **Gross Receipt Rental.** In addition to the guarante minimum annual rental provided for above, the Lessee shall p to Corporation in the manner prescribed herein any surpl resulting from subtracting the minimum annual rental from thr percentage (3%) of the gross receipts and as further defined Article 35 H hereof.

This additional amount, if any, shall be paid quarterl within forty-five (45) days from the end of the quarter, wi adjustments, if any, to be made at the end of every calendar ye upon the submission of the annual certified financial statemen as provided in Article 8 hereof. A copy of the CNMI Busine Gross Revenue Tax Quarterly Return must be submitted quarter together with the computation of the quarterly gross receip rental to substantiate the additional payment or non-payment.

C. **Manner of Payment.** The Lessee shall discharge i obligation of payment under this Article by depositing t payments required under this Article with the Marianas Publ Land Corporation Office, located at Capitol Hill, Saipa Mariana Islands, or in such manner as the Corporation may fr time to time designate in writing.

D. **Time and Payment; Interest.** All rents payable pursua to the terms of this Lease Agreement shall be deemed to ha commenced from the first day of the month of execution of th

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 3 -

Lease and shall be paid without prior notice or demand.  Past due

rental shall bear interest at one percent (1%) per month

compounded  monthly, from the date it becomes due  until paid.

This provision  shall not be construed to relieve the Lessee from

any  default in  making any rental payment at the time and in the

manner herein  specified.

ARTICLE 6.    APPRAISAL AND DETERMINATION OF RENTAL AFTER EACH
              TEN YEARS

Notwithstanding the provision under Article 5A, at the end of

each ten (10) year  period of this Lease Agreement or renewal or

extension  thereof,  the guaranteed  annual rental payable by the

Lessee to the Corporation for the next two five-year period shall

be based  upon eight (8%)  percent of the  appraised fair market

value  of the unimproved land or as provided for under Article 5,

whichever  is greater  utilizing  the land  residual  method of

appraisal.

The  appraised  market  value will be determined by an

independent  appraiser who must be a  member  of a  nationally

accepted  appraisal society,  to be selected  by  the agreement

between  the  Corporation and the Lessee.   In the event that the

Corporation and    the Lessee cannot reach an  agreement on the

selection  of the  appraiser,  the appraiser will be  selected by

the Chief  Justice  or Associate Justice  of  the Commonwealth

Supreme  Court.   The cost of the appraisal will be borne  by the

Lessee.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 4 -

ARTICLE 7.    ANNUAL REPORTS AND AUDIT

The Lessee shall, not later than forty-five (45) days afte

the end of each calendar year of this Lease Agreement, submit t

the Corporation U.S. CPA audited financial statements to includ

a schedule of gross receipts indicating sources and deduction

in support of the gross receipts rental requirement unde

Article 6B. Any duly authorized representative of th

Corporation shall have access to and the right to examine an

audit any or all pertinent books, documents, papers and record

of the Lessee and its sublessee and concessionaires relating †

this Lease Agreement during the normal business hours of an

working days. Lessee shall insert a similar provision in al

subleases pertaining to this right of access, examination, an

audit and shall make available to said representative(s)

agent(s) all books and records of the Lessee or its sublesse

and concessionaires which may be requested or may be necessa

for completion of a special audit of any or all activities

enterprises conducted on the Premises.

The Lessee shall keep and maintain its accounting a

bookkeeping system in accordance with generally accept

accounting principles applicable to the industry. The Less

shall keep its accounting books and records at all times in †

English language.

ARTICLE 8.    PERMITS, CONSTRUCTION PLANS, AND SPECIFICATIONS

A.    Permits.  The Lessee agrees and covenants that witl

three (3) months from commencement of this Lease Agreement,

will at its own expense and risks secure all required C

- 5 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

Government  and applicable federal permits.

B. **Construction  Plans  and  Specifications**.   The Lessee
agrees and covenants that within six (6) months from commencement
of  this  Lease Agreement,  it will submit  complete construction
plans  and   specifications for construction  of  facilities and
structures  authorized  under Article.    Upon  submittal  by the
Lessee,  the  Corporation has fifteen (15) working days to review
the  submitted   construction plans  and  specifications  and to
notify  the  Lessee of approval or disapproval of  the  submitted
plans.   In the event that changes are necessary, the Corporation
shall  give the Lessee reasonable time to make necessary  changes
to  the  plans  for  resubmittal  to  the  Corporation.    If the
Corporation  does not notify the Lessee in writing of the  status
of the submitted plans within the thirty (30) working days review
period,  then  the submitted plans and specifications are  deemed
approved.

ARTICLE 9.   CONSTRUCTION SCHEDULE

The Lessee agrees and covenants that within seven (7) months
from commencement date of this lease agreement, it will at is own
cost,  risk and expense,  commence construction of facilities and
improvements  in  accordance with the approved plans as  required
under Article 8B and  will diligently pursue its construction and
said  construction  must be completed no later than  twenty  four
(24)  months   from the commencement date of the  Lease Agreement
subject  to  excused delay of performance as provided in  Article
10.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 6 -

ARTICLE 10.   EXCUSED DELAY OF PERFORMANCE

1       Whenever under this Lease Agreement a time is stated withi

2  which or by which original construction, repairs, reconstructio

3  or other performance by the Lessee shall be commenced or b

4  completed, and a failure or delay in such performance is due

5  in whole or in part, to fire, explosion, earthquake, storm

6  flood, drought or other unusually severe weather conditions

7  accident, breakdown of machinery or facilities, strike, lockout

8  combination of workmen, war, insurrection, riot, act of God o

9  the public enemy, or any contingency or delay or failure or caus

10  of any nature beyond the reasonable control of either party

11  whether or not of the kind hereinbefore specified and whether o

12  not any such contingency is presently occurring or occurs in th

13  future, and such failure or delay does not result from the faul

14  or negligence of the Lessee, the period of delay so caused shal

15  be added to the period allowed herein for the completion of suc

16  work provided, however, the Lessee shall notify the Corporatio

17  in writing within thirty (30) days after the occurrence of any o

18  the above events.

19

20  ARTICLE 11.   CONSTRUCTION, MAINTENANCE, REPAIR, ALTERATION

21      All improvements placed on the Premises shall be constructe

22  in good and workmanlike manner and in compliance with applicabl

23  laws, regulations, ordinances, and building codes. All portion

24  of buildings located upon the Premises exposed to perimete

25  properties or to the public view shall present a pleasan

26  appearance and all service areas shall be screened from publi

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

view.    The Lessee shall,  at all times during the term  of thi
Lease  Agreement   and  at  the Lessee's  sole   cost  and  expense
maintain the  Premises and all improvements thereon in good orde
and  repair  and  in a neat,  sanitary and  attractive condition
Unless  the  same are  to be promptly replaced  with improvement
having  at  least  an equal value,  no removal or  demolition o
improvements  have  a  value in excess of $25,000.00  shall  tak
place without the prior written  consent of the  Corporation.  N
additions  having  a  value  in excess  of  $25,000.00  shall  b
constructed  on the Premises without the prior written consent o
the   Corporation.     The   consent  may  be   conditioned  by th
Corporation upon an amendment to Article 5 and the other terms o
the  Lease.    The Lessee shall indemnify and  hold  harmless th
Corporation  against  liability for all claims arising  from  th
Lessee's  failure  to maintain the Premises and the  improvement
situated  thereon as hereinabove provided,  or from the  Lessee'
violation  of  any  law,  ordinance,  or  regulation applicabl
thereto.

ARTICLE 12.   SUBLEASE, ASSIGNMENT, TRANSFER, CONCESSIONS

       (a)    Except  with  the  prior  consent   in writing of th
Corporation in each instance,  Lessee shall not,  with respect t
development on the public land leased hereby:

                    (1)   assign, sublease or transfer all or any

                          part of the Lessee's interest in or to the

                          Premises, or permit the Premises to be used

                          or occupied by others, or

                    (2)   enter into a management contract or other

- 8 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1                   arrangement by which the Premises shall be

2                   managed and operated by anyone other than

                  Lessee, or

3      (3)   grant concessions, permits, or otherwise

4                   contract for or permit any business or

5                   commercial enterprise or activities to be

6                   constructed or performed on the Premises

7                   by any person other than the Lessee.

8     In addition, this lease shall not be assigned or transferre

9 by operation of law. In no event shall Lessee assign c

10 otherwise transfer this lease within five (5) years from th

11 date of its execution.

12     The consent by the Corporation to an assignment, transfer

13 management contract, use, occupancy, permit, or subletting may b

14 granted, denied or made subject to such conditions as th

15 Corporation finds to be in the best interest of it

16 beneficiaries. No sublease, assignment, transfer, concession

17 permit, or contract shall be valid without the approval of th

18 Corporation, and then only if the respective sublessee, assignee

19 transferee, concessionaire, permittee, or other contracting part

20 agrees in writing that the provisions of this lease bind suc

21 sublessee, assignee, transferee, concessionaire, permittee, c

22 contracting party.

23     Once given, the Corporation's consent shall not reliev

24 Lessee in any way from obtaining the prior consent in writing c

25 the Corporation to any further assignment, transfer, managemen

26 contract, use, occupancy, or subletting.

- 9 -

For purposes of this section, "Premises" includes a[n]

1 portion of the leased Premises or any improvement on the leas[ed]

2 Premises, and "Lessee" includes Lessee's employees, successor[s]

3 and assigns.

4     (b)   If the sale, assignment, transfer, use, or oth[er]

5 disposition of any of the issued and outstanding capital stock [of]

6 Lessee (or of any successor or assignee of Lessee which is [a]

7 corporation), or of the interest of any general partner in [a]

8 partnership owning the leasehold estate created hereby, or of th[e]

9 interest of any member of a joint venture, syndicate, or oth[er]

10 group which may collectively own such leasehold estate, sha[ll]

11 result in changing the control of Lessee or such oth[er]

12 corporation, partnership, joint venture, syndicate, or oth[er]

13 group, then such sale, assignment, transfer, use, or oth[er]

14 disposition shall be deemed an assignment of this lease and sha[ll]

15 be subject to all the provisions of this lease with respect [to]

16 assignments.

17     For the purposes of this Section, "control" of a[ny]

18 corporation shall be deemed to be vested in the person [or]

19 persons owing more than fifty percent (50%) of the voting pow[er]

20 for the election of the Board of Directors of such corporati[on]

21 and "control" of a partnership, joint venture, syndicate, [or]

22 other group shall be deemed to be vested in the person or perso[ns]

23 owing more than fifty percent (50%) of the general partner[ship]

24 interest in such partnership or of the total interest in su[ch]

25 joint venture, syndicate, or other group. For purposes [of]

26 determining control by a person, members of the family of a[ny]

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

## ARTICLE 13.   STATUS OF SUBLEASES

Termination of this Lease Agreement, in whole or in part, b cancellation or otherwise, shall not serve to terminat subleases, concessions, or subtenancies, but shall operate as a assignment to the Corporation of any and all such sublea: concessions, and subtenancies.

## ARTICLE 14.   AGREEMENTS FOR UTILITY LINES

The Lessee shall have the right to enter into agreement wit public utility companies or with the Government of tl Commonwealth of the Northern Mariana Islands and/or any of it agencies to provide utility services, including wate: electricity, telephone, television, and sewer line necessary t the full enjoyment of the Premises and the development thereof : accordance with the provisions of this Lease Agreement. Subjec to prior consultation with Lessee, the Corporation reserves tl authority to grant utility rights of way across the Premise: The Lessee shall furnish to the Corporation executed copi thereof together with a plat or diagram showing the true locatic of the utility lines to be constructed in accordance therewith.

## ARTICLE 15.   RIGHTS-OF-WAY FOR UTILITY LINES

The Corporation hereby agrees to grant rights-of-way on, across public lands for utility lines necessary to the fu enjoyment of the Premises and the full development thereo: Such rights-of-way are to be granted by the Corporation : accordance with the approved general development and constructic plans.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 12 -

ARTICLE 16.   RIGHT OF MORTGAGE

1    The Lessee,  its successors and assigns may, subject to the
2    express prior written approval of the Corporation,  mortgage this
3    Lease  Agreement  and the Lessee's interest  hereunder,  provided
4    that  no  holder of any mortgage of this Lease Agreement  or  the
5    Lessee's interest hereunder,  or any one claiming by,  through or
6    under  any  such mortgage shall,  by virtue  thereof,  except  as
7    provided  in  Article  16 hereof,  acquire  any  greater  rights
8    hereunder  than  the  Lessee,  and  no  mortgage  of  this  Lease
9    Agreement  or  the Lessee's interest hereunder,  in whole  or  in
10   part,  by  the Lessee or the Lessee's successors or assigns shall
11   be  valid,  unless:    (i) at  the  time  of  the  making  of such
12   mortgage,  there shall be no default under any of the agreements,
13   terms,  covenants and  conditions to be performed by the  Lessee
14   under this lease;  (ii) such mortgage shall be subject to all the
15   agreements,   terms,  covenants  and  conditions  of  this  Lease
16   Agreement,    (iii)  any  such  mortgage  shall  reserve  to  the
17   Corporation  prior right,  in the event of Lessee's default under
18   the  same and after notice of the same character and duration  as
19   required  to  be given to Lessee,  to correct the default  or  to
20   purchase  the same and terminate this Lease Agreement;  and  (iv)
21   such mortgage shall contain the following provisions:

22        "This instrument is executed upon condition that (unless
23        this condition be released or waived by the Corporation
24        or its successors in interest by an instrument in
25        writing) no purchaser or transferee of said Lease
26        Agreement at any foreclosure sale hereunder, or other

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 13 -

transfer authorized by law by reason of a default

1  hereunder where no foreclosure sale is required, shall,

2  as a result of such sale or transfer, acquire any right,

3  title or interest in or to said Lease Agreement or the

4  leasehold estate hereby mortgaged unless (i) the

5  Corporation shall receive written notice of such sale or

6  transfer of said Lease Agreement within fifteen (15) days

7  after the effective date of such sale or transfer and

8  (ii) a duplicate original copy of the instrument or

9  instruments used to effect such sale or transfer shall

10  be delivered to the Corporation within thirty (30) days

11  after the execution and delivery thereof."

12      Any  mortgage entered into  shall be   strict compliance w

13  all applicable laws and regulations,  including mortgage secur

14  instrument  laws,  or  applicable constitutional  provisions,

15  order to be valid and enforceable.

16  ARTICLE 17.   RIGHTS OF LEASEHOLD MORTGAGEES

17

18      If the Lessee or  the Lessee's successors or assigns s

19  mortgage  this  Lease Agreement or its interest in the  Premi

20  in  accordance with the provisions of this Lease Agreement,

21  so long as any such leasehold mortgage, as hereinafter  defi

22  shall   remain unsatisfied of record,  the  following provi:

23  shall apply:

24      A.    Notice to Mortgagee.   The Corporation shall serve

25  the   Lessee any notice of default pursuant to the  provisio

26  Article   23 or any other notice under the provisions of  or

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

respect to this Lease Agreement. The Lessee shall thereafte

serve a copy of such notice upon the holder of the then existin

mortgage of this Lease Agreement or the Premises. Service o

such notice of default upon the Lessee shall be deemed as servic

on the mortgagee who shall thereafter have the same period a

the Lessee for remedying the default or causing the same to b

remedied, as is given the Lessee after service of such noti

upon it.

B. <u>Remedy</u>. Such leasehold mortgagee of this Lease Agreem

or the Premises, in case the Lessee shall be in defau

hereunder, shall, within the period and otherwise as here

provided, have the right to remedy such default, or cause t

same to be remedied, and the Corporation shall accept su

performance by or at the instigation of such leasehold mortgag

as if the same had been performed by the Lessee.

C. <u>Diligent Prosecution</u>. No default on the part of Les

in the performance work required to be performed, or acts to

done, or conditions to be remedied, shall be deemed to exist,

steps shall, in good faith, have been commenced promptly

rectify the same and shall be prosecuted to completion w

diligence and continuity in accordance with Article 23,

"Default", unless otherwise specified in this Lease Agreement.

D. <u>Termination</u>. Anything herein contained notwithstand

while such leasehold mortgage remains unsatisfied of record,

any event or events shall occur which shall entitle

Corporation to terminate this Lease Agreement, and if before

expiration of ninety (90) days after the date of servic

- 15 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

notice of termination by the Corporation all rent and othe
payments herein provided for then in default is fully paid, an
shall have complied or shall be engaged in the work of complyin
with all the other requirements of this Lease Agreement, if any
then in default, then in such event the Corporation shall not b
entitled to terminate this Lease Agreement and any notice o
termination theretofore given shall be void and of no force o
effect, provided, however, nothing herein contained shall in an
way affect, diminish or impair the right of Corporation t
terminate this Lease Agreement or to enforce any other subsequen
default in the performance of any of the obligations of th
Lessee hereunder.

E. **Notice of Termination**.  In the event of the terminatio
of this Lease Agreement prior to the natural expiration of th
term hereof, whether by summary proceedings to dispossess
service of notice to terminate or otherwise, due to default o
the Lessee as provided in Article 20 hereof, or any other defaul
of the Lessee, the Corporation shall serve upon the holder o
the then existing mortgage on this Lease Agreement or th
Premises written notice of such termination.  Nothing herei
contained shall release the Lessee from any of its obligation
under this Lease Agreement which may not have been discharged o
fully performed by any mortgage of this Lease Agreement or th
Premises, or its designee.

F. **First Mortgage Only**.  Whenever reference is made herei
to the holder of the mortgage on this Lease Agreement or th
Premises, the same shall be deemed to refer only to the holder o

- 16 -

the  first mortgage on this Lease Agreement or the  Premises,  :
any,  as  shown  by last notice by registered mail given  to  tl
Corporation. Any notice or other communication to any such holde
or  mortgage  shall  be  in writing and shall  be  served  eithe
personally  or  by certified or registered airmail  addressed  1
such holder or mortgagee at his address appearing on such recor(
or  at  such other address as may have been designated  by notic
in  writing  from such holder or mortgagee to the  party  servir
such notice of communications.  Nothing contained in this Articl
shall  be  construed so as to require the  Corporation  to  ser\
notices upon or recognize any leasehold mortgagees other than tl
holder  of  such  first mortgage on this Lease Agreement  or  tl
Premises, as aforesaid.

ARTICLE 18.   FIRE AND DAMAGE INSURANCE

     The Lessee  shall,  from  the effective date of this Leas
Agreement, carry fire and damage insurance with extended coverac
endorsements,  jointly  in  the  names  of  the  Lessee  and  tl
Corporation,  covering  the  full  insurable  value  of  al
permanent  improvements on the Premises,  subject to  appropriat
co-insurance  provisions.  The policy  shall  contain a claus
requiring  that the  Corporation be given thirty (30) days notic
prior  to any cancellation or termination of the policy.  A cop
of  such policy or policies or an acceptable certificate shall k
deposited  with  the Corporation within thirty (30)  of  th
same obtained by the  Lessee.  The Lessee shall pay all premiun
and other charges payable in connection with insurance carried k
the Lessee.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

In the event of damage to any permanent  improvement  on the
1    Premises,  the  Lessee  shall  reconstruct  such  improvement  in
2    compliance with applicable laws, ordinances,  and regulations and
3    in  accordance  with  the  applicable  provisions  of  this  Lease
4    Agreement.  Such  reconstruction shall commence within  six (6)
5    months  after the damage occurs and shall be  pursued  diligently
6    and completed within one (1) year of the occurrence.

7    In  the  event  of  damage  to  the  extent  of  seventy-five percent
8    (75%) or more of the total value of all permanent improvements on
9    the  Premises during the last five (5) years of the term of  this
10    Lease  Agreement,  the  Lessee  for  ninety  (90)  days  shall  have
11    the  option  to agree to reconstruct the damaged  improvement(s).
12    Should   the  Lessee  fail  to  notify  the  Corporation  in  writing of
13    the  exercise  of  its  option  to  reconstruct  within  ninety  (90) days
14    of  the  occurrence  of  damage,  the  Premises  shall  be  cleared  at the
15    Lessee's  expense and upon completion of such clearing this Lease
16    shall  terminate.   In  the  event  Lessee  shall  elect  not  to rebuild
17    damaged improvements during the last five year term of the lease,
18    all  insurance  proceeds  accruing  as  a  result  of  the  fire  or
19    damage,  it  is  jointly  agreed  hereto,  shall  be  for  the  sole
20    benefit  of  and made payable to the Corporation,  or its  lawful
21    successors and assigns.   Any damages incurred or suffered by any
22    sublessee,  assignee,  mortgagee  or otherwise as a result of such
23    termination  shall be borne solely by the Lessee.

24

25    ARTICLE 19.  NOTICES

26    All   notices  shall  be  made  by  personal  delivery  or

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 18 -

by registered or certified mail, addressed to the property party as follows:

CORPORATION:    P. O. Box 380
                Saipan, MP  96950

LESSEE:         P. O. Box 306
                Saipan, MP  96950

All notices to the Lessee or the Corporation shall be deemed delivered as of the date of the post mark of any mail notices properly addressed and registered by the U.S. Post Office provided that such notice and mail is properly addressed, as set forth above, contains sufficient postage and is registered.

ARTICLE 20.  LIABILITY INSURANCE

Lessee covenants and agrees to save and keep harmless the Corporation against all liabilities, damages and claims to person or property, and in connection therewith, Lessee agrees to procure and maintain in force during the term of this Lease and any extension thereof, at its expense, public liability insurance, in companies authorized to do business in the Northern Mariana Islands, in a minimum amount of $100,000 for each person injured, $300,000 for any one accident, and $300,000 for property damage or such higher amounts as the Corporation may reasonably require. Copies of such policies shall be delivered to the Corporation and shall contain a clause stating that at least thirty (30) days notice shall be given to the Corporation prior to cancellation or refusal to renew any such policies. Lessee agrees that if such insurance policies are not kept in force during the entire term of this Lease, the Corporation may procure the necessary insurance, pay the premium therefore, and

- 19 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

such premium shall be repaid to the Corporation immediately upo
the Corporation's demand.

ARTICLE 21.   CONDEMNATION

The Corporation and Lessee  covenant and agree that in th
event  the  whole  property  hereby  leased  shall  be  take
in condemnation proceedings or by any right of eminent domain, o
otherwise,  for public purposes, then and on the happening of an
such event,  the Corporation or Lessee,  may terminate this Leas
and  the  term  hereby granted and all the rights of  the  Lessee
hereunder,   and  the rent shall be paid up to the date  of suc
condemnation  or   termination  and any  unearned  rent  paid i
advance  by the Lessee shall be refunded prorata.    In  the even
any  portion of the property hereby leased is condemned or  take
by  right  of  eminent domain or otherwise for  public  purposes
thereby rendering the leased property unsuitable for the purpose
of  Lessee  as  stated  in  Article 2  above,  then  and  on th
happening  of such event Lessee may terminate this Lease and  th
term  hereby  granted and all the rights of the Lessee  hereunde
and  the rent shall be paid up to the date of such termination o
condemnation and any unearned rent paid in  advance by the Lesse
shall  be  refunded prorata.    If Lessee does not  terminate thi
Lease  upon  such  event,  then  the rent  shall  be  reduced  i
proportion  of the land taken as such bears to the total area  o
land  leased.    The  Corporation  and  the  Lessee ma
each  independently file separate claims in such proceedings  fo
the  purpose  of having the value of their  respective  interest

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

determined, and the award shall be paid accordingly; but if the
public or governmental authorities shall object or refuse to
permit separate claims to be proved and/or distributed said award
in such manner, the Corporation will prosecute all claims for
damages to the Premises on behalf of both the Corporation and the
Lessee (and authority to do so is hereby granted), and after
deducting all reasonable expenses incurred by the Corporation
incident thereto, the balance of said award shall be divided
between the Corporation and the Lessee prorata in proportion to
their respective interests as established in that proceedings.
In the event the Corporation prosecutes the claim on behalf of
both parties hereto, all such awards shall be paid to the
Corporation for the account of the Corporation and Lessee as
hereinbefore provided.

ARTICLE 22.   ABANDONMENT OF PREMISES

Should the Lessee fail to use the Premises for the purpose
set forth in this Lease Agreement for a consecutive period of
ninety (90) days without securing the written consent of the
Corporation, the Lessee shall be deemed to have abandoned the
Premises, so that in such event this Lease Agreement may, at the
option of the Corporation, be terminated pursuant to the
provisions of Article 20 hereof without further notice to the
Lessee.

ARTICLE 23.   DEFAULT

Time is of the essence and Lessee shall automatically be in
default of this Lease if:

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

A.   Lessee shall fail to pay any installment or rent hereb

required to be paid by Lessee within thirty (30) days

after the due date under the terms of this Lease.

B.   Lessee shall breach any term, provision or covenant of

Lease, other than the payment of rent, taxes, or othe

charges, and fails to commence the removal or curing

of such breach within thirty (30) days from and after

written notice from the Corporation.

C.   Lessee shall become insolvent or adjudicated bankrupt.

D.   Lessee abandons the Premises as provided in Article 22

Any notices, as may be required by law or this Lease

shall be delivered as provided by Article 19 of this Lease.

ARTICLE 24.   REMEDIES

Upon the occurrence of any event of default specified i

Article 23, the Corporation may terminate this Lease and may

upon fifteen (15) days written notice, enter in, into and upo

the leased premises and take possession of all buildings

fixtures and improvements, and evict Lessee without liability o

trespass.    The    remedies herein shall   not prejudice th

Corporation's other rights and remedies at law or equity.

ARTICLE 25.   OPTION TO TERMINATE

In the event that the Lessee shall at any time be prevente

from utilizing the property for the purposes herein stated fo

any reasons beyond the reasonable control of Lessee, such as bu

not limited to, the failure of Lessee to receive the necessar

government licenses and permits required for earth clearin

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

and construction or by action by any government agency or judicial decree preventing Lessee from utilizing the property for the intended purpose, then and in such event, Lessee shall have the option to terminate this Lease Agreement upon ninety (90) days written notice to the Corporation.

ARTICLE 26.   ACCORD AND SATISFACTION

No payment by Lessee or receipt by the Corporation of a lesser amount than the annual rent herein stipulated shall be deemed to be other than on account of rents due, nor shall any endorsement or statement on any check or any letter accompanying any check or payment of rent be deemed an accord and satisfaction, and the Corporation may accept such check or payment without prejudice to the Corporation's right to recover the balance of such rent or pursue any other remedy provided in this Lease. In the event that the rent or any other monies which are due hereunder by Lessee are delinquent, the Corporation may upon the receipt of any payments, apply them to any account or period it shall determine in its discretion.

ARTICLE 27.   WAIVER OF BREACH

Waiver by the Corporation of any breach of any term covenant or condition herein contained shall not be deemed to be a waiver of any subsequent breach of the same or any other term covenant or condition herein contained. The acceptance of rent by the Corporation shall not be deemed to be a waiver of any of the terms or conditions including the remedies of Corporation hereof. No covenant herein shall be deemed to be waived by the

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

Corporation unless such waiver be in writing by the Corporation.

**ARTICLE 28.   EXPENSE OF ENFORCEMENT**

If action be brought by the Corporation for rent or any oth

sums of money due under this Lease Agreement, or if any action b

brought  by  either  the  Corporation  or  Lessee  to  enforc

performance  of any of the covenants and/or conditions  of thi

Lease  Agreement,  the  losing and defaulting  party  shall pa

reasonable attorney's  fees to be fixed by the Court as a part o

the costs in any action.

**ARTICLE 29.   INDEMNITY**

Lessee will hold the Corporation harmless from any claim o

demand by third persons for damage, including claims for propert

damage,  personal  injury  or  wrongful  death,  arising  out o

any  accident on or about the demised premises,  or occasioned b

any  nuisance made or suffered on the Premises, or by any fire o

explosion  thereon,  or caused by any failure on the part of  th

Lessee  to  maintain  the  Premises  in  a  safe  condition.   Al

property,  chattels, fixtures, furnishing, etc., which may belon

to  the Lessee or to third parties,  shall be maintained  on  th

property  at  the  sole  risk of the Lessee  and  the  terms  an

conditions  of  this indemnity clause shall be applicable  heret

and shall hold the  Corporation harmless, as set forth herein.

**ARTICLE 30.   COVENANT AND ENJOYMENT**

The Corporation covenants  that the Lessee, upon paying th

rent  required herein and upon fulfilling all the conditions  an

agreements,  required  of  the Lessee,  shall and may  lawfully

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 24 -

peacefully and quietly have, and hold, use, occupy and posses

and enjoy the property during the term agreed upon without an

suit, hindrance, eviction, ejection, molestation, o

interruption whatsoever of or by the Corporation, or by any othe

person lawfully claiming by, from, under or against th

Corporation.

ARTICLE 31.   UNLAWFUL USE AND COMPLIANCE WITH LAWS

The Lessee covenants and agrees not to use or cause o

permit be used any part of the Premises for any unlawful conduc

or purpose.  Lessee agrees to comply with all property, building

health, sanitation, safety and other laws and regulations of th

Commonwealth of the Northern Mariana Islands, which are i

effect or which may hereafter become effective.

ARTICLE 32.   "HOLD OVER" CLAUSE

If the Lessee shall remain in possession after the expirati

of the term of this Lease Agreement or the extension thereof, th

Lessee shall be a tenant on a month-to-month basis and ther

shall be no renewal of this Lease Agreement by operation of la

or otherwise.

ARTICLE 33.   CONDITION OF PREMISES

The Lessee acknowledges that it has examined the Premise

prior to the making of this Lease Agreement and know

the conditions thereof and that no representation other tha

those expressed herein have been made by the Corporation, an

the Lessee hereby accepts the Premises in their present conditio

- 25 -

at the date of execution of this Lease Agreement.

ARTICLE 34.   PUBLIC AUDITOR

The Lease Agreement is subject to 1 CMC Section 7845. The Lessee, its sublessees, successors, and assigns, shall provide, upon request, all records and reports, and shall allow audit, inspection, and access to its books, records, documents, correspondence, and any other data and material relating to this Lease Agreement, to the Public Auditor of the Commonwealth of the Northern Mariana Islands. This right of access and inspections shall continue until the expiration of three (3) years after the final rental payment under the Lease is made.

ARTICLE 35.   GENERAL PROVISIONS AND DEFINITIONS

A.   <u>Waiver</u>.   No waiver of any default of the Lessee hereunder shall be implied from any omission by the Corporation to take any action on account of such default if such default persists or is repeated, and no express waiver shall affect the default other than the default specified in the express waiver and that only for the time and to the extent therein stated. One or more waivers of any covenant, term or condition of this Lease Agreement by the Corporation shall not be construed as a waiver of any subsequent breach of the same covenant, term or condition. The consent or approval by the Corporation to or of any act the Lessee requiring the Corporation's consent or approval shall not be deemed to waiver or render unnecessary the Corporation consent or approval to or of any subsequent or similar acts

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

the Lessee.

B. <u>Agreement Complete</u>.  It is hereby expressly agreed tha this Lease Agreement together with the exhibits attached heret contains all of the terms, covenants, conditions an agreements between the parties hereto relating in any manner t the use and occupancy of the Premises, and that the executio hereof has not been induced by either of the parties b representations, promises or understandings not expressed herei and that there are no collateral agreements, stipulations promises or understandings of any nature whatsoever between th parties hereto relating in any manner to the use and occupanc of the Premises and none shall be valid or of any force o effect, and that the terms, covenants, conditions and provision of this Lease Agreement cannot be altered, changed, modified o added to except in writing signed by the parties hereto.

C. <u>Interpretation</u>.  The language in all parts of this shal be in all cases construed simply, according to its fair meaning and not strictly for or against the Corporation or the Lessee Captions and paragraph headings contained herein ar for convenience and reference only, and shall not be deemed t limit or in any manner restrict the contents of the paragrap to which they relate.

D. <u>Concessionaire</u>.  For the purpose of this Leas Agreement, any concessionaire of the Lessee shall be deemed to b a sublessee, and all of the provisions of this Lease Agreemen applicable to sublessees and subleases shall be equall applicable to the granting of any concession and t

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

concessionaires with the same force and effect as thoug
specially provided therein.

E. <u>Government Representative</u>. The authorized representa
tive of the Corporation for the purpose of this Lease Agreemen
shall be the Executive Director or such other person as th
Executive Director may designate in writing.

F. <u>Companies Bonding and Insuring</u>. All corporate suret
bonds provided by the Lessee in compliance with this Leas
Agreement shall be furnished by companies holding certificates o
authority from the Secretary of the Treasury of the United State
of America as acceptable sureties on Federal bonds. Al
insurance obtained by the Lessee in compliance with this Leas
Agreement shall be obtained from reputable companies acceptabl
to the Corporation.

G. <u>Law Governing</u>. This Lease Agreement shall be governe
by the laws of the Commonwealth of the Northern Mariana Islands
both as to the interpretation and performance.

H. <u>Gross Receipts</u>. "Gross Receipts", as that term is use
herein means all income or revenue whatsoever, including mone
and any other thing of value, received by or paid to the Lessee
its sublessees or concessionaires, or received by or paid t
others for the use and benefit of any of the aforementioned
derived from business done, sales made or services rendere
directly from or on the Premises, or derived from th
subleasing, subrenting, permitting, contracting, or other use o
the Premises or any portion thereof. The Lessee shall no
directly, or indirectly, divert from inclusion in Gross Receipt

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 28 -

any income or revenue whatsoever from the Premises or from an
business conducted thereon, to any other business or enterpris
located elsewhere.    The following items may be deducted from th
gross receipts:

1)    credits for the exchange of goods or merchandise from
      the Premises to another store or stores owned or
      operated by the Lessee, its parent or affiliate, where
      such exchange is made solely for the convenience of
      business and not for the purpose of consummating a
      sale previously made directly or indirectly from or
      upon the Premises;

2)    to the extent the same shall have been included in
      "Gross Receipts", there shall be deducted credits to
      customers for returned merchandise, merchandise
      trade-ins, exchanges, merchandise cancellations,
      allowances and discounts, and any and all credits
      to customers of a similar nature;

3)    the amount derived from the sale or other disposition
      of fixtures, goodwill, improvements, furnishings,
      equipment, accessory, appliance, utensils or any
      other item of property:  (i) which is either sold
      outside the ordinary course of the Lessee's business;
      or (ii) which is not acquired or held by the Lessee
      as a stock-in-trade or inventory for resale in the
      ordinary course of the Lessee's business;

4)    to the extent the same has been counted in the
      "Gross Receipts", there shall be deducted an amount

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

equal to all income or revenue accruing or paid to the Lessee or for its benefit which is derived from the rental, leasing, or grant of facilities on the Premises to any sublessee or concessionaire primarily for the purpose of operating on the Premises a retail or wholesale sales or service facility whose income or revenue is counted as part of the "Gross Receipts" of this Lease Agreement.

ARTICLE 36.   LEASE AGREEMENT BINDING

This Lease Agreement and the covenants, conditions an restrictions hereof shall extend to and be binding upon th parties hereto, their heirs, successors and assigns and to an other person claiming to hold or to exercise any interest by under or through any of the parties hereto.

IN WITNESS WHEREOF, the parties have executed the Agreement on the date first written above.

MARIANAS PUBLIC LAND                 MICRONESIAN TELECOMMUNICATION
   CORPORATION                          CORPORATION


By: _____           By: _____
   MARIAN ALDAN-PIERCE                    ROY N. MORIOKA
   Chairperson                            General Manager
   Board of Directors



APPROVED AS TO FORM & LEGALITY:



_____
   MPLC Legal Counsel

1

2

3

4                                    **ACKNOWLEDGMENT**

5    COMMONWEALTH OF THE            )
                                    )   ss:
6    NORTHERN MARIANA ISLANDS       )
     _____)

7

8        On this 26th day of September , 1990, before me

9    appeared, ~~Roy N. Morioka~~ EDWARD T. TAKAHASHI (for), authorized representative, of Micronesia

10   Telecommunications Corporation, known to me to be the person
     whose name is subscribed to the foregoing Indenture and

11   acknowledged that he signed and delivered said Indenture as his
     free and voluntary act for the  purposes therein set forth.

12       In Witness Whereof,  I hereunto  set my hand and sealed this

13   26th day of September , 1990.

14

15                                              

16                                          Notary Public

17                                          **JOAQUIN A. TENORIO**
                                            Commonwealth of the Northern Mariana Islands
18                                          My Commission Expires on the
                                            2Fth day of Mar, 1992

19

20

21

22

23

24

25

26

*(left margin, vertical:)* MARIANAS PUBLIC LAND CORPORATION  P.O. Box 380  Saipan, Northern Mariana Islands 96950

1

**ACKNOWLEDGMENT**

2

3
COMMONWEALTH OF THE NORTHERN )
                                                        ) ss.
4
MARIANA ISLANDS                           )

5
_____ )

6

7       The foregoing instrument was acknowledged before me

8  this _21st_ day of _September_ , 1990 by Marian Aldan-

9  Pierce, Chairperson Board of Directors, Marianas Public Land

10  Corporation, a Commonwealth of the Northern Mariana Islands

11  Corporation, on behalf of the Corporation.

12



13                                                     Bertha J. Camala

14                                                     _____
                                                               Notary Public

15                                              **BERTHA T. CAMACHO**
                                                         **Notary Public**
16                              **Commonwealth of the Northern Mariana Islands**
                                     **My Commission Expires on the**
17                              6th day of _February_ , 19 91

18

19

20

21

22

23

24

25

26

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950