**Kagman Lease**

1A 90-155

FILE NO. 90-2589

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS 90 JUL 6 P10:39
SAIPAN, MARIANA ISLANDS

BOOK 4 PAGE 107
COMMONWEALTH RECORDER

LEASE AGREEMENT

This Lease Agreement, made this 28th day of June 1990, on Saipan, Mariana Islands, by and between the MARIANAS PUBLIC LAND CORPORATION, its successors and assigns, hereinafter called the "Corporation", whose offices are located at Capitol Hill, Saipan, Mariana Islands, and MICRONESIA TELECOMMUNICATIONS CORPORATION, its successors and assigns, hereinafter called "Lessee".

The parties agree as follows:

ARTICLE 1. GRANT OF PREMISES

The Corporation leases to the Lessee the described real property known as Lot No. 006 G 01, located in Chacha-Kagman Saipan, Commonwealth of the Northern Mariana Islands, containing an area of 929 square meters, more or less, as shown on Drawing/Cadastral Plat No. 006 G 00, Commonwealth Recorder's File No. 90-056, approved January 4, 1990, attached as Exhibit "A" which is incorporated herein and made part hereof by reference, together with all existing improvements thereon and appurtenances thereto, herein called the "Premises".

ARTICLE 2. PURPOSE

The property shall be used, except with the written consent of the Corporation, only for the purpose of constructing operating, and maintaining facilities for the exchange, switching

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

and transmission of telecommunication as well as a base yard fc the storage of supplies, vehicles and maintenance equipment.

ARTICLE 3. TERM

The term of this Lease shall be for a period of twenty-fiv (25) years unless otherwise terminated pursuant to applicabl provisions of this Lease. The leasehold term shall commenc on the first day of the month on which the Lease is executed.

ARTICLE 4. GRANT TO EXTEND

The Corporation grants the Lessee an extension of thi Lease for one (1) additional term of fifteen (15) years subjec to all of the terms and provisions set forth in thi Lease; provided, however, that this extension for an additional fifteen (15) years shall be subject to th approval by the Northern Marianas Commonwealth Legislatu as provided for under Article XI, Section (c) of th Constitution of the Northern Mariana Islands.

ARTICLE 5. RENTAL

The Lessee, in consideration of the foregoing, covenants a agrees to pay to the Corporation, in the manner prescribed here in lawful money of the United States, annually as rent for t Premises leased hereby the following rentals:

A. GUARANTEED ANNUAL RENTAL

| PERIOD | AMOUNT |
|---|---|
| 1st Five Year Period | $2,960.17 |
| 2nd Five Year Period | $3,196.98 |

| | |
|---|---|
| 3rd Five Year Period | $3,452.74 |
| 4th Five Year Period | $3,728.96 |
| 5th Five Year Period | $4,027.27 |

The above annual rental shall be paid quarterly in advance

B. Gross Receipt Rental. In addition to the guarantee minimum annual rental provided for above, the Lessee shall pa to Corporation in the manner prescribed herein any surplu resulting from subtracting the minimum annual rental from thre percentage (3%) of the gross receipts and as further defined i Article 35 H hereof.

This additional amount, if any, shall be paid quarterly within forty-five (45) days from the end of the quarter, wit adjustments, if any, to be made at the end of every calendar yea upon the submission of the annual certified financial statement as provided in Article 8 hereof. A copy of the CNMI Busines Gross Revenue Tax Quarterly Return must be submitted quarterl together with the computation of the quarterly gross receipt rental to substantiate the additional payment or non-payment.

C. Manner of Payment. The Lessee shall discharge it obligation of payment under this Article by depositing th payments required under this Article with the Marianas Publi Land Corporation Office, located at Capitol Hill, Saipar Mariana Islands, or in such manner as the Corporation may frc time to time designate in writing.

D. Time and Payment; Interest. All rents payable pursuar to the terms of this Lease Agreement shall be deemed to hav commenced from the first day of the month of execution of thi

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

Lease and shall be paid without prior notice or demand. Past du rental shall bear interest at one percent (1%) per mont compounded monthly, from the date it becomes due until paid This provision shall not be construed to relieve the Lessee frc any default in making any rental payment at the time and in th manner herein specified.

ARTICLE 6. APPRAISAL AND DETERMINATION OF RENTAL AFTER EACH TEN YEARS

Notwithstanding the provision under Article 5A, at the end c each ten (10) year period of this Lease Agreement or renewal c extension thereof, the guaranteed annual rental payable by tl Lessee to the Corporation for the next two five-year period shal be based upon eight (8%) percent of the appraised fair mark value of the unimproved land or as provided for under Article ! whichever is greater utilizing the land residual method ‹ appraisal.

The appraised market value will be determined by ; independent appraiser who must be a member of a national accepted appraisal society, to be selected by the agreeme between the Corporation and the Lessee. In the event that t Corporation and the Lessee cannot reach an agreement on t selection of the appraiser, the appraiser will be selected the Chief Justice or Associate Justice of the Commonweal Supreme Court. The cost of the appraisal will be borne by t Lessee.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ARTICLE 7. ANNUAL REPORTS AND AUDIT

The Lessee shall, not later than forty-five (45) days afte the end of each calendar year of this Lease Agreement, submit t the Corporation U.S. CPA audited financial statements to includ a schedule of gross receipts indicating sources and deduction in support of the gross receipts rental requirement unde Article 6B. Any duly authorized representative of th Corporation shall have access to and the right to examine an audit any or all pertinent books, documents, papers and record of the Lessee and its sublessee and concessionaires relating t this Lease Agreement during the normal business hours of an working days. Lessee shall insert a similar provision in al subleases pertaining to this right of access, examination, an audit and shall make available to said representative(s) o agent(s) all books and records of the Lessee or its sublessee and concessionaires which may be requested or may be necessar for completion of a special audit of any or all activities o enterprises conducted on the Premises.

The Lessee shall keep and maintain its accounting an bookkeeping system in accordance with generally accepte accounting principles applicable to the industry. The Lesse shall keep its accounting books and records at all times in th English language.

ARTICLE 8. PERMITS, CONSTRUCTION PLANS, AND SPECIFICATIONS

A. Permits. The Lessee agrees and covenants that withi three (3) months from commencement of this Lease Agreement, i will at its own expense and risks secure all required CNM

Government and applicable federal permits.

B. Construction Plans and Specifications. The Lesse agrees and covenants that within six (6) months from commencemen of this Lease Agreement, it will submit complete constructio plans and specifications for construction of facilities an structures authorized under Article. Upon submittal by th Lessee, the Corporation has fifteen (15) working days to revie the submitted construction plans and specifications and t notify the Lessee of approval or disapproval of the submitte plans. In the event that changes are necessary, the Corporatio shall give the Lessee reasonable time to make necessary change to the plans for resubmittal to the Corporation. If th Corporation does not notify the Lessee in writing of the statu of the submitted plans within the thirty (30) working days revie period, then the submitted plans and specifications are deeme approved.

ARTICLE 9. CONSTRUCTION SCHEDULE

The Lessee agrees and covenants that within seven (7) month from commencement date of this lease agreement, it will at is ow cost, risk and expense, commence construction of facilities an improvements in accordance with the approved plans as require under Article 8B and will diligently pursue its construction an said construction must be completed no later than twenty fou (24) months from the commencement date of the Lease Agreemen subject to excused delay of performance as provided in Articl 10.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ARTICLE 10. EXCUSED DELAY OF PERFORMANCE

Whenever under this Lease Agreement a time is stated withi which or by which original construction, repairs, reconstructic or other performance by the Lessee shall be commenced or k completed, and a failure or delay in such performance is due in whole or in part, to fire, explosion, earthquake, storn flood, drought or other unusually severe weather conditions accident, breakdown of machinery or facilities, strike, lockout combination of workmen, war, insurrection, riot, act of God c the public enemy, or any contingency or delay or failure or caus of any nature beyond the reasonable control of either party whether or not of the kind hereinbefore specified and whether c not any such contingency is presently occurring or occurs in th future, and such failure or delay does not result from the faul or negligence of the Lessee, the period of delay so caused shal be added to the period allowed herein for the completion of suc work provided, however, the Lessee shall notify the Corporatic in writing within thirty (30) days after the occurrence of any c the above events.

ARTICLE 11. CONSTRUCTION, MAINTENANCE, REPAIR, ALTERATION

All improvements placed on the Premises shall be constructe in good and workmanlike manner and in compliance with applicab laws, regulations, ordinances, and building codes. All portio of buildings located upon the Premises exposed to perimete properties or to the public view shall present a pleasa appearance and all service areas shall be screened from publ

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

view. The Lessee shall, at all times during the term of thi: Lease Agreement and at the Lessee's sole cost and expense maintain the Premises and all improvements thereon in good orde: and repair and in a neat, sanitary and attractive condition Unless the same are to be promptly replaced with improvement having at least an equal value, no removal or demolition o improvements have a value in excess of $25,000.00 shall tak place without the prior written consent of the Corporation. N additions having a value in excess of $25,000.00 shall b constructed on the Premises without the prior written consent o the Corporation. The consent may be conditioned by th Corporation upon an amendment to Article 5 and the other terms o the Lease. The Lessee shall indemnify and hold harmless th Corporation against liability for all claims arising from th Lessee's failure to maintain the Premises and the improvement situated thereon as hereinabove provided, or from the Lessee' violation of any law, ordinance, or regulation applicabl thereto.

ARTICLE 12. SUBLEASE, ASSIGNMENT, TRANSFER, CONCESSIONS

(a) Except with the prior consent in writing of tl Corporation in each instance, Lessee shall not, with respect t development on the public land leased hereby:

(1) assign, sublease or transfer all or any part of the Lessee's interest in or to the Premises, or permit the Premises to be used or occupied by others, or

(2) enter into a management contract or other

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

For purposes of this section, "Premises" includes ar portion of the leased Premises or any improvement on the lease Premises, and "Lessee" includes Lessee's employees, successors and assigns.

(b) If the sale, assignment, transfer, use, or othe disposition of any of the issued and outstanding capital stock c Lessee (or of any successor or assignee of Lessee which is corporation), or of the interest of any general partner in partnership owning the leasehold estate created hereby, or of tl interest of any member of a joint venture, syndicate, or othe group which may collectively own such leasehold estate, sha] result in changing the control of Lessee or such othe corporation, partnership, joint venture, syndicate, or othe group, then such sale, assignment, transfer, use, or oth disposition shall be deemed an assignment of this lease and sha be subject to all the provisions of this lease with respect assignments.

For the purposes of this Section, "control" of a corporation shall be deemed to be vested in the person persons owing more than fifty percent (50%) of the voting pow for the election of the Board of Directors of such corporati and "control" of a partnership, joint venture, syndicate, other group shall be deemed to be vested in the person or perso owing more than fifty percent (50%) of the general partner interest in such partnership or of the total interest in su joint venture, syndicate, or other group. For purposes determining control by a person, members of the family of a

assignor  or transferor shall be included.    For purposes of thi
section,  "members  of  the  family"  include  a  person's  spouse
grandparents,  parents, brothers and sisters, nephews and nieces
and  children by adoption and by blood.    Lessee shall furnish a
annual  statement to the Corporation that includes the names  an
addresses  of  all  stockholders in any  corporation  or  genera
partners  in  any partnership holding  this  lease,  showing  th
number  of  shares  of stock owned by each  stockholder  of  suc
corporation,  or  the respective interest of the partners in suc
partnership,  as the case may be.   Such statement shall be signe
under  oath  by an officer of each corporation and by  a  genera
partner of each partnership holding this lease.

(c)  No assignment made with Corporation's consent shall b
effective  until  there shall have been delivered to  Corporatio
an  executed  counterpart  of  such  assignment  containing  a
agreement,  in recordable form,  executed by the assignor and th
proposed assignee, in which the assignee assumes dues performanc
of  the obligations on the assignor's part to be performed  unde
this lease to the end of the leasehold term.

(d)  If the  Corporation consents to an assignment, it shal
assess  a  fee  of  five  percent  (5%)  of    the  capital gai
attributable  to  the leased land.    The term  "capital  gain" i
defined  as  the  sale  amount less the book  value  of  all  th
improvements  and fixtures.    Lessee shall pay the fee at closin
of the assignment.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ARTICLE 13. STATUS OF SUBLEASES

Termination of this Lease Agreement, in whole or in part, b cancellation or otherwise, shall not serve to terminat subleases, concessions, or subtenancies, but shall operate as a assignment to the Corporation of any and all such subleas concessions, and subtenancies.

ARTICLE 14. AGREEMENTS FOR UTILITY LINES

The Lessee shall have the right to enter into agreement wit public utility companies or with the Government of th Commonwealth of the Northern Mariana Islands and/or any of it agencies to provide utility services, including water electricity, telephone, television, and sewer line necessary t the full enjoyment of the Premises and the development thereof i accordance with the provisions of this Lease Agreement. Subjec to prior consultation with Lessee, the Corporation reserves th authority to grant utility rights of way across the Premises The Lessee shall furnish to the Corporation executed copie thereof together with a plat or diagram showing the true locatic of the utility lines to be constructed in accordance therewith.

ARTICLE 15. RIGHTS-OF-WAY FOR UTILITY LINES

The Corporation hereby agrees to grant rights-of-way on, c across public lands for utility lines necessary to the ful enjoyment of the Premises and the full development thereof Such rights-of-way are to be granted by the Corporation i accordance with the approved general development and constructic plans.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ARTICLE 16. RIGHT OF MORTGAGE

The Lessee, its successors and assigns may, subject to th express prior written approval of the Corporation, mortgage thi Lease Agreement and the Lessee's interest hereunder, provide that no holder of any mortgage of this Lease Agreement or th Lessee's interest hereunder, or any one claiming by, through c under any such mortgage shall, by virtue thereof, except a provided in Article 16 hereof, acquire any greater right hereunder than the Lessee, and no mortgage of this Leas Agreement or the Lessee's interest hereunder, in whole or i part, by the Lessee or the Lessee's successors or assigns shal be valid, unless: (i) at the time of the making of suc mortgage, there shall be no default under any of the agreements terms, covenants and conditions to be performed by the Lesse under this lease; (ii) such mortgage shall be subject to all th agreements, terms, covenants and conditions of this Leas Agreement, (iii) any such mortgage shall reserve to th Corporation prior right, in the event of Lessee's default unde the same and after notice of the same character and duration a required to be given to Lessee, to correct the default or t purchase the same and terminate this Lease Agreement; and (iv such mortgage shall contain the following provisions:

"This instrument is executed upon condition that (unless this condition be released or waived by the Corporation or its successors in interest by an instrument in writing) no purchaser or transferee of said Lease Agreement at any foreclosure sale hereunder, or other

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

transfer authorized by law by reason of a default hereunder where no foreclosure sale is required, shall, as a result of such sale or transfer, acquire any right, title or interest in or to said Lease Agreement or the leasehold estate hereby mortgaged unless (i) the Corporation shall receive written notice of such sale or transfer of said Lease Agreement within fifteen (15) days after the effective date of such sale or transfer and (ii) a duplicate original copy of the instrument or instruments used to effect such sale or transfer shall be delivered to the Corporation within thirty (30) days after the execution and delivery thereof."

Any mortgage entered into shall be strict compliance wit all applicable laws and regulations, including mortgage securit instrument laws, or applicable constitutional provisions, i order to be valid and enforceable.

ARTICLE 17. RIGHTS OF LEASEHOLD MORTGAGEES

If the Lessee or the Lessee's successors or assigns shal mortgage this Lease Agreement or its interest in the Premises in accordance with the provisions of this Lease Agreement, the so long as any such leasehold mortgage, as hereinafter defined shall remain unsatisfied of record, the following provision shall apply:

A. Notice to Mortgagee. The Corporation shall serve upo the Lessee any notice of default pursuant to the provisions o Article 23 or any other notice under the provisions of or wit

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

respect to this Lease Agreement. The Lessee shall thereaft serve a copy of such notice upon the holder of the then existi mortgage of this Lease Agreement or the Premises. Service such notice of default upon the Lessee shall be deemed as servi on the mortgagee who shall thereafter have the same period the Lessee for remedying the default or causing the same to remedied, as is given the Lessee after service of such noti upon it.

B. Remedy. Such leasehold mortgagee of this Lease Agreem or the Premises, in case the Lessee shall be in defau hereunder, shall, within the period and otherwise as here provided, have the right to remedy such default, or cause t same to be remedied, and the Corporation shall accept su performance by or at the instigation of such leasehold mortgag as if the same had been performed by the Lessee.

C. Diligent Prosecution. No default on the part of Less in the performance work required to be performed, or acts to done, or conditions to be remedied, shall be deemed to exist, steps shall, in good faith, have been commenced promptly rectify the same and shall be prosecuted to completion wi diligence and continuity in accordance with Article 23, "Default", unless otherwise specified in this Lease Agreement.

D. Termination. Anything herein contained notwithstandi while such leasehold mortgage remains unsatisfied of record, any event or events shall occur which shall entitle t Corporation to terminate this Lease Agreement, and if before t expiration of ninety (90) days after the date of service

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

notice of termination by the Corporation all rent and othe payments herein provided for then in default is fully paid, an shall have complied or shall be engaged in the work of complyin with all the other requirements of this Lease Agreement, if any then in default, then in such event the Corporation shall not b entitled to terminate this Lease Agreement and any notice o termination theretofore given shall be void and of no force o effect, provided, however, nothing herein contained shall in an way affect, diminish or impair the right of Corporation t terminate this Lease Agreement or to enforce any other subsequen default in the performance of any of the obligations of th Lessee hereunder.

E. Notice of Termination. In the event of the terminatio of this Lease Agreement prior to the natural expiration of th term hereof, whether by summary proceedings to dispossess service of notice to terminate or otherwise, due to default o the Lessee as provided in Article 20 hereof, or any other defaul of the Lessee, the Corporation shall serve upon the holder o the then existing mortgage on this Lease Agreement or th Premises written notice of such termination. Nothing herei contained shall release the Lessee from any of its obligation under this Lease Agreement which may not have been discharged o fully performed by any mortgage of this Lease Agreement or th Premises, or its designee.

F. First Mortgage Only. Whenever reference is made herei to the holder of the mortgage on this Lease Agreement or th Premises, the same shall be deemed to refer only to the holder o

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

the first mortgage on this Lease Agreement or the Premises, if any, as shown by last notice by registered mail given to the Corporation. Any notice or other communication to any such holder or mortgage shall be in writing and shall be served either personally or by certified or registered airmail addressed to such holder or mortgagee at his address appearing on such records or at such other address as may have been designated by notice in writing from such holder or mortgagee to the party serving such notice of communications. Nothing contained in this Article shall be construed so as to require the Corporation to serve notices upon or recognize any leasehold mortgagees other than the holder of such first mortgage on this Lease Agreement or the Premises, as aforesaid.

ARTICLE 18. FIRE AND DAMAGE INSURANCE

The Lessee shall, from the effective date of this Lease Agreement, carry fire and damage insurance with extended coverage endorsements, jointly in the names of the Lessee and the Corporation, covering the full insurable value of al permanent improvements on the Premises, subject to appropriat co-insurance provisions. The policy shall contain a claus requiring that the Corporation be given thirty (30) days notic prior to any cancellation or termination of the policy. A cop of such policy or policies or an acceptable certificate shall b deposited with the Corporation within thirty (30) days of th same obtained by the Lessee. The Lessee shall pay all premium and other charges payable in connection with insurance carried b the Lessee.

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

In the event of damage to any permanent improvement on th Premises, the Lessee shall reconstruct such improvement : compliance with applicable laws, ordinances, and regulations ar in accordance with the applicable provisions of this Leas Agreement. Such reconstruction shall commence within six (( months after the damage occurs and shall be pursued diligent: and completed within one (1) year of the occurrence.

In the event of damage to the extent of seventy-five percer (75%) or more of the total value of all permanent improvements ( the Premises during the last five (5) years of the term of th: Lease Agreement, the Lessee for ninety (90) days shall ha' the option to agree to reconstruct the damaged improvement(s Should the Lessee fail to notify the Corporation in writing ( the exercise of its option to reconstruct within ninety (90) da: of the occurrence of damage, the Premises shall be cleared at t: Lessee's expense and upon completion of such clearing this Lea shall terminate. In the event Lessee shall elect not to rebui damaged improvements during the last five year term of the leas all insurance proceeds accruing as a result of the fire damage, it is jointly agreed hereto, shall be for the so benefit of and made payable to the Corporation, or its lawf successors and assigns. Any damages incurred or suffered by a sublessee, assignee, mortgagee or otherwise as a result of su termination shall be borne solely by the Lessee.

ARTICLE 19. NOTICES

All notices shall be made by personal delivery

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

by registered or certified mail, addressed to the property part as follows:

CORPORATION: P. O. Box 380
Saipan, MP 96950

LESSEE: P. O. Box 306
Saipan, MP 96950

All notices to the Lessee or the Corporation shall b deemed delivered as of the date of the post mark of any mai notices properly addressed and registered by the U.S. Post Offic provided that such notice and mail is properly addressed, as se forth above, contains sufficient postage and is registered

ARTICLE 20. LIABILITY INSURANCE

Lessee covenants and agrees to save and keep harmless th Corporation against all liabilities, damages and claims to perso or property, and in connection therewith, Lessee agrees t procure and maintain in force during the term of this Lease an any extension thereof, at its expense, public liabilit insurance, in companies authorized to do business in th Northern Mariana Islands, in a minimum amount of $100,000 fo each person injured, $300,000 for any one accident, and $300,00 for property damage or such higher amounts as the Corporation ma reasonably require. Copies of such policies shall be delivere to the Corporation and shall contain a clause stating that a least thirty (30) days notice shall be given to the Corporatio prior to cancellation or refusal to renew any such policies Lessee agrees that if such insurance policies are not kept i force during the entire term of this Lease, the Corporation ma procure the necessary insurance, pay the premium therefore, an

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

such premium shall be repaid to the Corporation immediately upo the Corporation's demand.

ARTICLE 21. CONDEMNATION

The Corporation and Lessee covenant and agree that in th event the whole property hereby leased shall be take in condemnation proceedings or by any right of eminent domain, o otherwise, for public purposes, then and on the happening of an such event, the Corporation or Lessee, may terminate this Leas and the term hereby granted and all the rights of the Lesse hereunder, and the rent shall be paid up to the date of suc condemnation or termination and any unearned rent paid i advance by the Lessee shall be refunded prorata. In the even any portion of the property hereby leased is condemned or take by right of eminent domain or otherwise for public purposes thereby rendering the leased property unsuitable for the purpose of Lessee as stated in Article 2 above, then and on th happening of such event Lessee may terminate this Lease and th term hereby granted and all the rights of the Lessee hereunde and the rent shall be paid up to the date of such termination c condemnation and any unearned rent paid in advance by the Lesse shall be refunded prorata. If Lessee does not terminate thi Lease upon such event, then the rent shall be reduced proportion of the land taken as such bears to the total area ( land leased. The Corporation and the Lessee ma each independently file separate claims in such proceedings f the purpose of having the value of their respective interes

determined, and the award shall be paid accordingly; but if th public or governmental authorities shall object or refuse t permit separate claims to be proved and/or distributed said awar in such manner, the Corporation will prosecute all claims fc damages to the Premises on behalf of both the Corporation and th Lessee (and authority to do so is hereby granted), and afte deducting all reasonable expenses incurred by the Corporatic incident thereto, the balance of said award shall be divide between the Corporation and the Lessee prorata in proportion t their respective interests as established in that proceedings In the event the Corporation prosecutes the claim on behalf c both parties hereto, all such awards shall be paid to th Corporation for the account of the Corporation and Lessee a hereinbefore provided.

ARTICLE 22. ABANDONMENT OF PREMISES

Should the Lessee fail to use the Premises for the purpos set forth in this Lease Agreement for a consecutive period c ninety (90) days without securing the written consent of tl Corporation, the Lessee shall be deemed to have abandoned tl Premises, so that in such event this Lease Agreement may, at tl option of the Corporation, be terminated pursuant to tl provisions of Article 20 hereof without further notice to tl Lessee.

ARTICLE 23. DEFAULT

Time is of the essence and Lessee shall automatically be i default of this Lease if:

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

A. Lessee shall fail to pay any installment or rent hereb required to be paid by Lessee within thirty (30) days after the due date under the terms of this Lease.

B. Lessee shall breach any term, provision or covenant of Lease, other than the payment of rent, taxes, or othe charges, and fails to commence the removal or curing of such breach within thirty (30) days from and after written notice from the Corporation.

C. Lessee shall become insolvent or adjudicated bankrupt.

D. Lessee abandons the Premises as provided in Article 2

Any notices, as may be required by law or this Lease shall be delivered as provided by Article 19 of this Lease.

ARTICLE 24. REMEDIES

Upon the occurrence of any event of default specified i Article 23, the Corporation may terminate this Lease and may upon fifteen (15) days written notice, enter in, into and upc the leased premises and take possession of all buildings fixtures and improvements, and evict Lessee without liability c trespass. The remedies herein shall not prejudice tl Corporation's other rights and remedies at law or equity.

ARTICLE 25. OPTION TO TERMINATE

In the event that the Lessee shall at any time be prevente from utilizing the property for the purposes herein stated fc any reasons beyond the reasonable control of Lessee, such as bu not limited to, the failure of Lessee to receive the necessai government licenses and permits required for earth clearii

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

and construction or by action by any government agency c judicial decree preventing Lessee from utilizing the property fc the intended purpose, then and in such event, Lessee shall ha\ the option to terminate this Lease Agreement upon ninety (9( days written notice to the Corporation.

ARTICLE 26. ACCORD AND SATISFACTION

No payment by Lessee or receipt by the Corporation of lesser amount than the annual rent herein stipulated shall k deemed to be other than on account of rents due, nor shall ar endorsement or statement on any check or any letter accompanyir any check or payment of rent be deemed an accord ar satisfaction, and the Corporation may accept such check c payment without prejudice to the Corporation's right to recove the balance of such rent or pursue any other remedy provided i this Lease. In the event that the rent or any other monies whic are due hereunder by Lessee are delinquent, the Corporation ma) upon the receipt of any payments, apply them to any account c period it shall determine in its discretion.

ARTICLE 27. WAIVER OF BREACH

Waiver by the Corporation of any breach of any terr covenant or condition herein contained shall not be deemed to k a waiver of any subsequent breach of the same or any other terr covenant or condition herein contained. The acceptance of rer by the Corporation shall not be deemed to be a waiver of any c the terms or conditions including the remedies of Corporatic hereof. No covenant herein shall be deemed to be waived by tl

Corporation unless such waiver be in writing by the Corporation.

ARTICLE 28. EXPENSE OF ENFORCEMENT

If action be brought by the Corporation for rent or any oth sums of money due under this Lease Agreement, or if any action b brought by either the Corporation or Lessee to enforc performance of any of the covenants and/or conditions of thi Lease Agreement, the losing and defaulting party shall pa reasonable attorney's fees to be fixed by the Court as a part c the costs in any action.

ARTICLE 29. INDEMNITY

Lessee will hold the Corporation harmless from any claim c demand by third persons for damage, including claims for propert damage, personal injury or wrongful death, arising out c any accident on or about the demised premises, or occasioned b any nuisance made or suffered on the Premises, or by any fire c explosion thereon, or caused by any failure on the part of th Lessee to maintain the Premises in a safe condition. Al property, chattels, fixtures, furnishing, etc., which may belor to the Lessee or to third parties, shall be maintained on th property at the sole risk of the Lessee and the terms ar conditions of this indemnity clause shall be applicable heret and shall hold the Corporation harmless, as set forth herein.

ARTICLE 30. COVENANT AND ENJOYMENT

The Corporation covenants that the Lessee, upon paying th rent required herein and upon fulfilling all the conditions ar agreements, required of the Lessee, shall and may lawfull

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

peacefully and quietly have, and hold, use, occupy and posse and enjoy the property during the term agreed upon without a suit, hindrance, eviction, ejection, molestation, interruption whatsoever of or by the Corporation, or by any oth person lawfully claiming by, from, under or against t: Corporation.

ARTICLE 31. UNLAWFUL USE AND COMPLIANCE WITH LAWS

The Lessee covenants and agrees not to use or cause ( permit be used any part of the Premises for any unlawful condu( or purpose. Lessee agrees to comply with all property, buildin( health, sanitation, safety and other laws and regulations of tl Commonwealth of the Northern Mariana Islands, which are : effect or which may hereafter become effective.

ARTICLE 32. "HOLD OVER" CLAUSE

If the Lessee shall remain in possession after the expirat: of the term of this Lease Agreement or the extension thereof, tl Lessee shall be a tenant on a month-to-month basis and the1 shall be no renewal of this Lease Agreement by operation of lε or otherwise.

ARTICLE 33. CONDITION OF PREMISES

The Lessee acknowledges that it has examined the Premise prior to the making of this Lease Agreement and know the conditions thereof and that no representation other tha those expressed herein have been made by the Corporation, ar the Lessee hereby accepts the Premises in their present conditic

at the date of execution of this Lease Agreement.

ARTICLE 34. PUBLIC AUDITOR

The Lease Agreement is subject to 1 CMC Section 7845. The Lessee, its sublessees, successors, and assigns, shall provide, upon request, all records and reports, and shall allow audit, inspection, and access to its books, records, documents, correspondence, and any other data and material relating to this Lease Agreement, to the Public Auditor of the Commonwealth of the Northern Mariana Islands. This right of access and inspections shall continue until the expiration of three (3) years after the final rental payment under the Lease is made.

ARTICLE 35. GENERAL PROVISIONS AND DEFINITIONS

A. Waiver. No waiver of any default of the Lessee hereunder shall be implied from any omission by the Corporation to take any action on account of such default if such default persists or is repeated, and no express waiver shall affect the default other than the default specified in the express waiver, and that only for the time and to the extent therein stated. One or more waivers of any covenant, term or condition of this Lease Agreement by the Corporation shall not be construed as a waiver of any subsequent breach of the same covenant, term or condition. The consent or approval by the Corporation to or of any act by the Lessee requiring the Corporation's consent or approval shall not be deemed to waiver or render unnecessary the Corporation's consent or approval to or of any subsequent or similar acts by

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

the Lessee.

B. Agreement Complete. It is hereby expressly agreed th this Lease Agreement together with the exhibits attached here contains all of the terms, covenants, conditions a agreements between the parties hereto relating in any manner the use and occupancy of the Premises, and that the executi hereof has not been induced by either of the parties representations, promises or understandings not expressed here and that there are no collateral agreements, stipulation promises or understandings of any nature whatsoever between t parties hereto relating in any manner to the use and occupan of the Premises and none shall be valid or of any force effect, and that the terms, covenants, conditions and provisio of this Lease Agreement cannot be altered, changed, modified added to except in writing signed by the parties hereto.

C. Interpretation. The language in all parts of this sha be in all cases construed simply, according to its fair meanin and not strictly for or against the Corporation or the Lesse Captions and paragraph headings contained herein a for convenience and reference only, and shall not be deemed limit or in any manner restrict the contents of the paragra to which they relate.

D. Concessionaire. For the purpose of this Lea Agreement, any concessionaire of the Lessee shall be deemed to a sublessee, and all of the provisions of this Lease Agreeme applicable to sublessees and subleases shall be equal applicable to the granting of any concession and

concessionaires with the same force and effect as though specially provided therein.

E. Government Representative. The authorized representative of the Corporation for the purpose of this Lease Agreement shall be the Executive Director or such other person as the Executive Director may designate in writing.

F. Companies Bonding and Insuring. All corporate surety bonds provided by the Lessee in compliance with this Lease Agreement shall be furnished by companies holding certificates of authority from the Secretary of the Treasury of the United States of America as acceptable sureties on Federal bonds. All insurance obtained by the Lessee in compliance with this Lease Agreement shall be obtained from reputable companies acceptable to the Corporation.

G. Law Governing. This Lease Agreement shall be governed by the laws of the Commonwealth of the Northern Mariana Islands, both as to the interpretation and performance.

H. Gross Receipts. "Gross Receipts", as that term is used herein means all income or revenue whatsoever, including money and any other thing of value, received by or paid to the Lessee, its sublessees or concessionaires, or received by or paid to others for the use and benefit of any of the aforementioned, derived from business done, sales made or services rendered directly from or on the Premises, or derived from the subleasing, subrenting, permitting, contracting, or other use of the Premises or any portion thereof. The Lessee shall not directly, or indirectly, divert from inclusion in Gross Receipts

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

any income or revenue whatsoever from the Premises or from a business conducted thereon, to any other business or enterpris located elsewhere. The following items may be deducted from th gross receipts:

1) credits for the exchange of goods or merchandise from the Premises to another store or stores owned or operated by the Lessee, its parent or affiliate, where such exchange is made solely for the convenience of business and not for the purpose of consummating a sale previously made directly or indirectly from or upon the Premises;

2) to the extent the same shall have been included in "Gross Receipts", there shall be deducted credits to customers for returned merchandise, merchandise trade-ins, exchanges, merchandise cancellations, allowances and discounts, and any and all credits to customers of a similar nature;

3) the amount derived from the sale or other disposition of fixtures, goodwill, improvements, furnishings, equipment, accessory, appliance, utensils or any other item of property: (i) which is either sold outside the ordinary course of the Lessee's business; or (ii) which is not acquired or held by the Lessee as a stock-in-trade or inventory for resale in the ordinary course of the Lessee's business;

4) to the extent the same has been counted in the "Gross Receipts", there shall be deducted an amount

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

equal to all income or revenue accruing or paid to the Lessee or for its benefit which is derived from the rental, leasing, or grant of facilities on the Premises to any sublessee or concessionaire primarily for the purpose of operating on the Premises a retail or wholesale sales or service facility whose income or revenue is counted as part of the "Gross Receipts" of this Lease Agreement.

ARTICLE 36. LEASE AGREEMENT BINDING

This Lease Agreement and the covenants, conditions ar restrictions hereof shall extend to and be binding upon th parties hereto, their heirs, successors and assigns and to ar other person claiming to hold or to exercise any interest by under or through any of the parties hereto.

IN WITNESS WHEREOF, the parties have executed the Agreement on the date first written above.

MARIANAS PUBLIC LAND CORPORATION

By: ______________________
MARIAN ALDAN-PIERCE
Secretary
Board of Directors

MICRONESIAN TELECOMMUNICATION CORPORATION

By: ______________________
ROY N. MORIOKA
General Manager

APPROVED AS TO FORM & LEGALITY:

______________________
MPLC Legal Counsel

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ACKNOWLEDGMENT

COMMONWEALTH OF THE )
) ss:
NORTHERN MARIANA ISLANDS )

On this 23 day of May, 1990, before me appeared Roy N. Morioka, authorized representive, of Micronesia Telecommunications Corporation, known to me to be the person whose name is subscribed to the foregoing Indenture and acknowledged that he signed and delivered said Indenture as his free and voluntary act for the purposes therein set forth.

In Witness Whereof, I hereunto set my hand and sealed this 23 day of May, 1990.

Notary Public

JOAQUIN P. VILLAGOMEZ
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission Expires on the 9 day of Feb, 19 92

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ACKNOWLEDGEMENT

COMMONWEALTH OF THE NORTHERN )
) ss.
MARIANA ISLANDS )

The foregoing instrument was acknowledged before me this 28th day of June, 1990 by Marian Aldan-Pierce, Secretary Board of Directors, Marianas Public Land Corporation, a Commonwealth of the Northern Mariana Islands Corporation, on behalf of the Corporation.

Bertha T. Camacho
Notary Public

BERTHA T. CAMACHO
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission Expires on the 6th day of February, 1991