# EXHIBIT E

**Sinapalu Lease**

FILE NO. 92-2048

92 JUN 22 P 3: 31

COMMENWEALTH RECORDER

**COMMONWEALTH OF THE NORTHERN MARIANAS**

**SAIPAN, MARIANA ISLANDS**

**LEASE AGREEMENT**

This Lease Agreement, made this 22 day of June 19 92 , on Saipan, Mariana Islands, by and between the MARIANA PUBLIC LAND CORPORATION, its successors and assigns, hereinaft called the "Corporation", whose offices are located at Capit Hill, Saipan, Mariana Islands, and MICRONESIAN TELECOMMUNICATIO CORPORATION, its successors and assigns, hereinafter call "Lessee".

The parties agree as follows:

ARTICLE 1.    GRANT OF PREMISES

The Corporation leases to the Lessee the described property known as Lot No. 345 R 449, located in Sinapalo, R Commonwealth of the Northern Mariana Islands, containing an are 2,090 square meters, more or less, as shown on Drawing/Cadas Plat 345 R 16, Commonwealth Recorder's File No. 92-1457, appr April 29, 1992, attached as Exhibit "A" which is incorpo herein and made part hereof by reference, together with existing improvements thereon and appurtenances thereto, h called the "Premises".

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ARTICLE 2.    PURPOSE

The property shall be used, except with the written consen
of the Corporation, for the purpose of constructing a concrete o:
modular type building for administrative and operations offic
including storage of cables, conduits, and related telephon
supplies and materials, and to conduct other activities directl
related to the telephone and communications business operation
The Lessee shall not use the premises for residential purposes
provided, however, any quarters for security personnel may b
maintained.

ARTICLE 3.    TERM

The term of this Lease shall be for a period of twenty-fiv
(25) years unless otherwise terminated pursuant to applicabl
provisions of this Lease.  The leasehold term shall commence up
signing of this agreement.

ARTICLE 4.    GRANT TO EXTEND

The Corporation grants the Lessee an extension of this Lea
for one (1) additional term of fifteen (15) years subject to a:
of the terms and provisions set forth in this Lease; provide
however, that the extension for an additional fifteen (15) yea
shall be subject to the approval by the Northern Marian
Commonwealth Legislature as provided for under Article X
Section (c) of the Constitution of the Northern Mariana Island

- 2 -

ARTICLE 5.    RENTAL

1    The Lessee, in consideration of the foregoing, covenants a

2    agrees to pay to the Corporation, in the manner prescrib

3    herein, in lawful money of the United States, annually as  re

4    for the Premises leased hereby the following rentals:

5    A.    GUARANTEED ANNUAL RENTAL

6            PERIOD                    RENT

7        1st Five Year Period        $2,960.00

8        2nd Five Year Period         3,196.80

9        3rd Five Year Period         3,452.54

10        4th Five Year Period         3,728.75

11        5th Five Year Period         4,027.05

12    The above annual rental shall be paid quarterly in advance.

13    B.    _Manner of Payment_.    The Lessee shall discharge :

14    obligation of payment under this Article by depositing

15    payments required under this Article with the Marianas Pub

16    Land Corporation Office, located at Capitol Hill, Saipan, Mari

17    Islands, or in such manner as the Corporation may from time

18    time designate in writing.

19    C.    _Interest on Past Due Rental_.    Past due rental shall b

20    interest at one percent (1%) per month compounded monthly, f

21    the date it becomes due until paid.    This provision shall not

22    construed to  relieve  the  Lessee  from  any  default

23

24

25

26                                    - 3 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

taking any rental payment at the time and in the manner herein
specified.

ARTICLE 6.    APPRAISAL AND DETERMINATION OF RENTAL AFTER EACH
              TEN YEARS

Notwithstanding the provision under Article 5A, at the end of
each ten (10) year period of this Lease Agreement or renewal or
extension thereof, the guaranteed annual rental payable by the
Lessee to the Corporation for the next two five-year period shall
be based upon eight (8%) percent of the appraised fair market value
of the unimproved land or as provided for under Article 5
whichever is greater utilizing the land residual method of
appraisal.

The appraised market value will be determined by an
independent appraiser who must be a member of a nationally accepted
appraisal society, to be selected by the agreement between the
Corporation and the Lessee. In the event that the Corporation and
the Lessee cannot reach an agreement on the selection of the
appraiser, the appraiser will be selected by the Chief Justice or
Associate Justice of the Commonwealth Supreme Court. The cost of
the appraisal will be borned by the Lessee.

ARTICLE 7.    ANNUAL REPORTS AND AUDIT

The Lessee shall, not later than forty-five (45) days after
the end of each calendar year of this Lease Agreement, submit
the Corporation U.S. CPA audited financial statements. Any duly
authorized representative of the Corporation shall have access
and the right to examine and audit any or all pertinent book
documents, papers and records of the Lessee and its sublessee and

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 4 -

concessionaires relating to this Lease Agreement during the normal business hours of any working days.  Lessee shall insert a similar provision in all subleases pertaining to this right of access, examination, and audit and shall make available to said representative(s) or agent(s) all books and records of the Lessee or its sublessee and concessionaires which may be requested or may be necessary for completion of a special audit of any or all activities or enterprises conducted on the Premises.

The Lessee shall keep and maintain its accounting and bookkeeping system in accordance with generally accepted accounting principles applicable to the industry.  The Lessee shall keep its accounting books and records at all times in the English language.

ARTICLE 8.  PERMITS, CONSTRUCTION PLANS, AND SPECIFICATIONS

A.  <u>Permits</u>.  The Lessee agrees and covenants that within six (6) months from commencement of this Lease Agreement, it will at its own expense and risks secure all required CNMI Government and applicable federal permits.

B.  <u>Construction Plans and Specifications</u>.  The Lessee agrees and covenants that within nine (9) months from commencement of this Lease Agreement, it will submit complete construction plans and specifications for construction of facilities and structures authorized under this Article.  Upon submittal by the Lessee, the Corporation has fifteen (15) working days to review the submitted construction plans and specifications and to notify the Lessee approval or disapproval of the submitted plans.  In the event changes are necessary, the Corporation shall give the Lessee

- 5 -

reasonable time to make necessary changes to the plans for

resubmittal to the Corporation.   If the Corporation does not

notify the Lessee in writing of the status of the submitted plans

within the thirty (30) working days review period, then the

submitted plans and specifications are deemed approved.

ARTICLE 9.   CONSTRUCTION SCHEDULE

The Lessee agrees and covenants that within fifteen (15)

months from commencement date of this Lease Agreement, it will at

its own cost, risk and expense, commence construction of

facilities and improvements in accordance with the approved plans

as required under Article 8B and will diligently pursue its

construction and said construction must be completed no later than

twenty-four (24) months from the commencement date of the Lease

Agreement subject to excused delay of performance as provided in

Article 10.

ARTICLE 10.   EXCUSED DELAY OF PERFORMANCE

Whenever under this Lease Agreement a time is stated within which or by

which original construction, repairs, reconstruction or other performance by

the Lessee shall be commenced or be completed, and a failure or delay in such

performance is due, in whole or in part, to fire, explosion, earthquake,

storm, flood, drought or other unusually severe weather conditions, accident,

breakdown of machinery or facilities, strike, lockout, combination of workmen,

war, insurrection, riot, act of God or the public enemy, or any

contingency or delay or failure or cause of any nature beyond the

reasonable control of either party, whether or not of the kind

hereinbefore specified and whether or not any such contingency is

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

presently occurring or occurs in the future, and such failure or

delay does not result from the fault or negligence of the Lessee,

the period of delay so caused shall be added to the period allowed

herein for the completion of such work provided, however, that the

Lessee shall notify the Corporation in writing within thirty (30)

days after the occurrence of any of the above events.

ARTICLE 11.    CONSTRUCTION, MAINTENANCE, REPAIR, ALTERATION

All improvements placed on the Premises shall be constructed

in good and workmanlike manner and in compliance with applicable

laws, regulations, ordinances, and building codes. All portions of

buildings located upon the Premises exposed to perimeter properties

or to the public view shall present a pleasant appearance and all

service areas shall be screened from public view.    The Lessee

shall, at all times during the term of this Lease Agreement and at

the Lessee's sole cost and expense, maintain the Premises and all

improvements thereon in good order and repair and in a neat,

sanitary and attractive condition.    Unless the same area to be

promptly replaced with improvements having at least an equal value,

no removal or demolition of improvements have a value in excess of

$25,000.00 shall take place without the prior written consent of

the Corporation. The consent may be conditioned by the Corporation

upon an amendment to Article 5 and the other terms of the Lease.

The Lessee shall indemnify and hold harmless the Corporation

against liability for all claims arising from the Lessee's failure

to maintain the Premises and the improvements situated thereon as

hereinabove provided, or from the Lessee's violation of any law,

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

- 7 -

ordinance, or regulation applicable thereto.

ARTICLE 12.    SUBLEASE, ASSIGNMENT, TRANSFER, CONCESSIONS

(a)    Except with the prior consent in writing of th
Corporation in each instance, Lessee shall not, with respect t
development on the public land leased hereby:

(1)  assign, sublease or transfer all or any part of th
Lessee's interest in or to the Premises, or permit the Premises t
be used or occupied by others, or

(2)   enter into a management contract or other
arrangement by which the Premises shall be managed and operated b
anyone other than Lessee, or

(3)  grant concessions, permits, or otherwise contract
for or permit any business or commercial enterprise or activities
to be constructed or performed on the Premises by any person othe
than the Lessee.

In addition, this Lease shall not be assigned or transferre
by operation of law.  In no event shall Lessee assign or otherwis
transfer this Lease within five (5) years from the date of it
execution.

The consent by the Corporation to an assignment, transfer
management contract, use, occupancy, permit, or subletting may b
granted, denied or made subject to such conditions as th
Corporation finds it in the best interest of its beneficiaries.  N
sublease, assignment, transfer, concession, permit, or contrac
shall be valid without the approval of the Corporation, and the
only if the respective sublessee, assignee, transferee,

- 8 -

concessionaire, permittee, or other contracting party agrees in writing that the provisions of this Lease bind such sublessee, assignee, transferee, concessionaire, permittee, or contracting party.

Once given, the Corporation's consent shall not relieve Lessee in any way from obtaining the prior consent in writing of the Corporation to any further assignment, transfer, management contract, use, occupancy, or subletting.

For purposes of this section, "Premises" includes any portion of the leased Premises or any improvement on the leased Premises, and "Lessee" includes Lessee's employees, successors, and assigns.

(b) If the sale, assignment, transfer, use, or other disposition of any of the issued and outstanding capital stock of Lessee (or of any successor or assignee of Lessee which is corporation), or of the interest of any general partner in partnership owning the leasehold estate created hereby, or of the interest of any member of a joint venture, syndicate, or other group which may collectively own such leasehold estate, shall result in changing the control of Lessee or such other corporation partnership, joint venture, syndicate, or other group, then such sale, assignment, transfer, use, or other disposition shall be deemed an assignment of this Lease and shall be subject to all the provisions of this Lease with respect to assignments.

For the purposes of this Section, "control" of any corporation shall be deemed to be vested in the person or persons owing more

- 9 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

than fifty percent (50%) of the voting power for the election o:
the Board of Directors of such corporation and "control" of a
partnership, joint venture, syndicate, or other group shall be
deemed to be vested in the person or persons owing more than fift;
percent (50%) of the general partner's interest in such partnershi;
or of the total interest in such joint venture, syndicate, or othe:
group.  For purposes of determining control by a person, members o:
the family of any assignor or transferror shall be included.  Fo:
purposes of this section, "member of the family" include a person':
spouse, grandparents, parents brothers and sisters, nephews an
nieces, and children by adoption and by blood.  Lessee shal
furnish an annual statement to the Corporation that includes the
names and addresses of all stockholders in any corporation o:
general partners in any partnership holding this Lease, showing th
number of shares of stock owned by each stockholder of suc
corporation, or the respective interest of the partners in suc
partnership, as the case may be.  Such statement shall be signe
under oath by an officer of each corporation and by a genera
partner of each partnership holding this Lease.

(c)  No assignment made with Corporation's consent shall b
effective until there shall have been delivered to Corporation a
executed counterpart of such assignment containing an agreement, i
recordable form, executed by the assignor and the propose
assignee, in which the assignee assumes dues performance of th
obligations on the assignor's part to be performed under this Leas
to the end of the leasehold term.

- 10 -

(d)  If the Corporation consents to an assignment, it shal

assess a fee of twenty-five percent (25%) of the capital gain

attributable to the leased land.  The term "capital gain" i

defined as the sale amount less the book value of all the

improvements and fixtures.  Lessee shall pay the fee at closing o

the assignment.  If the Corporation consents to a sublease or othe

transfer, it shall assess a fee of twenty-five (25%) of th

difference between the amount owed in rental from the sublessor (o

transferor) and the amount the sublessor (or transferor) is

to receive from the sublessee or transferee in rental payments o

other compensation.

ARTICLE 13.    STATUS OF SUBLEASES

Termination of this Lease Agreement, in whole or in part, b

cancellation or otherwise, shall not serve to terminate subleases

concessions, or subtenancies, but shall operate as an

assignment to the Corporation of any and all such subleas

concessions, and subtenancies.

ARTICLE 14.    AGREEMENTS FOR UTILITY LINES

The Lessee shall have the right to enter into agreement wit

public utility companies or with the Government of the Commonwealt

of the Northern Mariana Islands and/or any of its agencies t

provide utility services, including water, electricity, telephone

television, and sewer line necessary to the full enjoyment of tl

Premises and the development thereof in accordance with tl

provisions of this Lease Agreement.  Subject to prior consultatic

with Lessee, the Corporation reserves the authority to grant

- 11 -

utility rights of way across the Premises. The Lessee shall furnish to the Corporation executed copies thereof together with a plat or diagram showing the true location of the utility lines to be constructed in accordance therewith.

ARTICLE 15.    RIGHTS-OF-WAY FOR UTILITY LINES

The Corporation hereby agrees to grant rights-of-way on, or across public lands for utility lines necessary to the full enjoyment of the Premises and the full development thereof. Such rights-of-way are to be granted by the Corporation in accordance with the approved general development and construction plans.

ARTICLE 16.    RIGHT OF MORTGAGE

The Lessee, its successors and assigns may, subject to the express prior written approval of the Corporation, mortgage this Lease Agreement and the Lessee's interest hereunder, provided that no holder of any mortgage of this Lease Agreement or the Lessee's interest hereunder, or any one claiming by, through or under any such mortgage shall, by virtue thereof, except as provided in Article 16 hereof, acquire any greater rights hereunder than the Lessee, and no mortgage of this Lease Agreement or the Lessee's interest hereunder, in whole or in part, by the Lessee or the Lessee's successors or assigns shall be valid, unless:  (i) at the time of the making of such mortgage, there shall be no default under any of the agreements, terms, covenants and conditions to be performed by the Lessee under this Lease; (ii) such mortgage shall be subject to all the agreements, terms, covenants and conditions of this Lease Agreement, (iii) any such mortgage shall reserve to

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

the Corporation prior right, in the event of Lessee's default unde

the same and after notice of the same character and duration as

required to be given to Lessee, to correct the default or to

purchase the same and terminate this Lease Agreement; and (iv) suc

mortgage shall contain the following provisions:

> "This instrument is executed upon condition that  (unless
> this condition be released or waived by the  Corporation
> or its successors in interest by an instrument in
> writing) no purchaser or transferee of said  Lease
> Agreement at any foreclosure sale hereunder, or other
> transfer authorized by law by reason of a default
> hereunder where no foreclosure sale is  required, shall,
> as a result of such sale or transfer,   acquire   any
> right, title or interest in or to said  Lease Agreement
> or the leasehold estate hereby mortgaged unless (i) the
> Corporation shall receive written notice of such sale or
> transfer of said Lease Agreement within fifteen (15) days
> after the effective date of such sale or transfer and
> (ii) a duplicate original copy of the instrument or
> instruments used to affect such sale or transfer shall be
> delivered to the Corporation within thirty (30) days
> after the execution and delivery thereof."

Any mortgage entered into shall be strict compliance with al

applicable laws and regulations, including mortgage securi

instrument laws, or applicable constitutional provisions, in orde

to be valid and enforceable.

- 13 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

ARTICLE 17.    RIGHTS OF LEASEHOLD MORTGAGEES

If the Lessee or the Lessee's successors or assigns shall mortgage this Lease Agreement or its interest in the Premises, in accordance with the provisions of this Lease Agreement, then so long as any such leasehold mortgage, as hereinafter defined, shall remain unsatisfied of record, the following provisions shall apply:

A.    Notice to Mortgagee.    The Corporation shall serve upon the Lessee any notice of default pursuant to the provisions of Article 23 or any other notice under the provisions of or with respect to this Lease Agreement. The Lessee shall thereafter serve a copy of such notice upon the holder of the then existing mortgage of this Lease Agreement or the Premises. Service of such notice or default upon the Lessee shall be deemed as service on the mortgagee who shall thereafter have the same period as the Lessee for remedying the default or causing the same to be remedied, as is given the Lessee after service of such notice upon it.

B.    Remedy.    Such leasehold mortgagee of this Lease Agreement or the Premises, in case the Lessee shall be in default hereunder shall, within the period and otherwise as herein provided, have the right to remedy such default, or cause the same to be remedied, and the Corporation shall accept such performance by or at the instigation of such leasehold mortgagee as if the same had been performed by the Lessee.

C.    Diligent Prosecution.    No default on the part of Lessee in the performance work required to be performed, or acts to be

- 14 -

done, or conditions to be remedied, shall be deemed to exist, if steps shall, in good faith, have been commenced promptly to rectify the same and shall be prosecuted to completion with diligence and continuity in accordance with Article 23, on "Default", unless otherwise specified in this Lease Agreement.

D.  Termination.  Anything herein contained notwithstanding while such leasehold mortgage remains unsatisfied of record, if any event or events shall occur which shall entitle the Corporation to terminate this Lease Agreement, and if before the expiration of ninety (90) days after the date of service of notice of termination by the Corporation all rent and other payments herein provided for then in default is fully paid, and shall have complied or shall be engaged in the work of complying with all the other requirements of this Lease Agreement, if any, then in default, then in such event the Corporation shall not be entitled to terminate this Lease Agreement and any notice of termination theretofore given shall be void and of no force or effect, provided, however, nothing herein contained shall in any way affect, diminish or impair the right of Corporation to terminate this Lease Agreement or to enforce any other subsequent default in the performance of any of the obligations of the Lessee hereunder.

E.  Notice of Termination.  In the event of the termination of this Lease Agreement prior to the natural expiration of the term hereof, whether by summary proceedings to dispossess, service of notice to terminate or otherwise, due to default of the Lessee as provided in Article 23 hereof, or any other default of the Lessee,

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 15 -

the Corporation shall serve upon the holder of the then existing
mortgage on this Lease Agreement or the Premises written notice of
such termination.    Nothing herein contained shall release the
Lessee from any of its obligations under this Lease Agreement which
may not have been discharged or fully performed by any mortgage of
this Lease Agreement or the Premises, or its designee.

   F.    First Mortgage Only.    Whenever reference is made herein
to the holder of the mortgage on this Lease Agreement or the
Premises, the same shall be deemed to refer only to the holder of
the first mortgage on this Lease Agreement or the Premises, if any,
as shown by last notice by registered mail given to the
Corporation.   Any notice or other communication to any such holder
or mortgage shall be in writing and shall be served either
personally or by certified or registered airmail address to such
holder or mortgagee at his address appearing on such records or at
such other address as may have been designated by notice in writing
from such holder or mortgagee to the party serving such notice of
communications.    Nothing contained in this Article shall be
construed so as to require the Corporation to serve notices upon or
recognize any leasehold mortgagees other than the holder of such
first mortgage on this Lease Agreement or the Premises, as
aforesaid.

ARTICLE 18.   FIRE AND DAMAGE INSURANCE

   The Lessee shall, from the effective date of this Lease
Agreement, carry fire and damage insurance with extended coverage
endorsements, jointly in the names of the Lessee and the

- 16 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Corporation, covering the full insurable value of all permanent improvements on the Premises, subject to appropriate co-insurance provisions. The policy shall contain a clause requiring that the Corporation be given thirty (30) days notice prior to any cancellation or termination of the policy. A copy of such policy or policies or an acceptable certificate shall be deposited with the Corporation within thirty (30) days of the same obtained by the Lessee. In the event of damage to any permanent improvement on the Premises, the Lessee shall reconstruct such improvement in compliance with applicable laws, ordinances, and regulations and in accordance with applicable laws, ordinances, and regulations and in accordance with the applicable provisions of this Lease Agreement. Such reconstruction shall commence within six (6) months after the damage occurs and shall be pursued diligently and completed within one (1) year of the occurrence.

In the event of damage to the extent of seventy-five percent (75%) or more of the total value of all permanent improvements on the Premises during the last five (5) years of the term of this Lease Agreement, the Lessee for ninety (90) days shall have the option to agree to reconstruct the damaged improvement(s). Should the Lessee fail to notify the Corporation in writing of the exercise of its option to reconstruct within ninety (90) days of the occurrence of damage, the Premises shall be cleared at the Lessee's expense and upon completion of such clearing this Lease Agreement shall terminate. In the event Lessee shall elect not to rebuild damaged improvements during the last five year term of the

- 17 -

Lease, all insurance proceeds accruing as a result of the fire

damage, it is jointly agreed hereto, shall be for the

sole benefit of and made payable to the Corporation, or its lawf

successors and assigns.  Any damages incurred or suffered by a

sublessee, assignee, mortgagee or otherwise as a result of su

termination shall be borne solely by the Lessee.

ARTICLE 19.  NOTICES

All notices shall be made by personal delivery or by

registered or certified mail, addressed to the proper    party

follows:

                CORPORATION:   P.O. Box 380
                               Saipan, MP  96950

                LESSEE:        P.O. Box 306
                               Saipan, MP  96950

All notices to the Lessor or the Corporation shall be deem

delivered as of the date of the post mark of any mail or notice

properly  addressed and registered by the U.S. Post Office provid

that such notice and mail is properly addressed, as set

forth above, contains sufficient postage and is registered.

ARTICLE 20.  LIABILITY INSURANCE

Lessee covenants and agrees to save and keep harmless the

Corporation against all liabilities, damages and claims to pers

or property, and in connection therewith, Lessee agrees to procu

and maintain in force during the term of this Lease and any

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 18 -

extension thereof, at its expense, public liability insurance, in companies authorized to do business in the Northern Mariana Islands, in a minimum amount of $100,000 for each person injured, $300,000 for any one accident, and $300,000 for property damage or such higher amounts as the Corporation may reasonably require.    Copies of such policies shall be delivered to the Corporation and shall contain a clause stating that at least thirty (30) days notice shall be given to the Corporation prior to cancellation or refusal to renew any such policies.  Lessee agrees that if such insurance policies are not kept in force during the entire term of this Lease, the Corporation may procure the necessary insurance, pay the premium therefore, and such premium shall be repaid to the Corporation immediately upon the Corporation's demand.

ARTICLE 21.  CONDEMNATION

The Corporation and Lessee covenant and agree that in the event the whole property hereby leased shall be taken in condemnation proceedings or by any right of eminent domain, or otherwise, for public purposes, then and on the happening of any such event, the Corporation or Lessee, may terminate this Lease and the term hereby granted and all the rights of the Lessee hereunder, and the rent shall be paid up to the date of such condemnation or termination and any unearned rent paid in advance by the Lessee shall be refunded prorata.  In the event any portion of the property hereby leased is condemned or taken by right of eminent domain or otherwise for public purposes, thereby rendering the

- 19 -

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

leased property unsuitable for the purposes of Lessee as stated in

Article 2 above, then and on the happening of such event Lessee may

terminate this Lease and the term hereby granted and all the rights

of the Lessee hereunder and the rent shall be paid up to the date

of such termination or condemnation and any unearned rent paid in

advance by the Lessee shall be refunded prorata.   If Lessee does

not terminate this Lease upon such event, then the rent shall be

reduced in proportion of the land taken as such bears to the total

area of land leased.   The Corporation and the Lessee may each

independently file separate claims in such proceedings for the

purpose  of  having  the  value  of  their  respective  interests

determined,  and the award shall be paid accordingly; but if the

public or governmental authorities shall object or refuse to permit

separate claims to be proved and/or distributed said award in such

manner, the Corporation will prosecute all claims for damages to

the Premises on behalf of both the Corporation and the Lessee (and

authority to do so is hereby granted), and after deducting all

reasonable expenses incurred by the Corporation incident thereto,

the balance of said award shall be divided between the Corporation

and the Lessee prorata in proportion to their respective interests

as established in that proceedings.   In the event the Corporation

prosecutes the claim on behalf of both parties hereto, all such

awards shall be paid to the Corporation for the account of the

Corporation and Lessee as hereinbefore provided.

ARTICLE 22.   ABANDONMENT OF PREMISES

Should the Lessee fail to use the Premises for the purpose set

- 20 -

forth in this Lease Agreement for a consecutive period of ninety (90) days without securing the written consent of the Corporation, the Lessee shall be deemed to have abandoned the Premises, so that in such event this Lease Agreement may, at the option of the Corporation, be terminated pursuant to the provisions of Article 23 hereof without further notice to the Lessee.

ARTICLE 23.   DEFAULT

Time is of the essence and Lessee shall automatically be in default of this Lease if:

A.   Lessee shall fail to pay any installment or rent hereby reserved or shall fail to pay any taxes or other charges required to be paid by Lessee within thirty (30) days after the due date under the terms of this Lease.

B.   Lessee shall breach any term, provision or covenant of this Lease, other than the payment of rent, taxes, or other charges, and fails to commence the removal or curing of such breach within thirty (30) days from and after written notice from the Corporation.

C.   Lessee shall become insolvent or adjudicated bankrupt.

D.   Lessee abandons the Premises as provided in Article 22.

Any notices, as may be required by law or this Lease, shall be delivered as provided by Article 19 of this Lease.

ARTICLE 24.   REMEDIES

Upon the occurrence of any event of default specified in Article 23, the Corporation may terminate this Lease and may, upon

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 21 -

fifteen (15) days written notice, enter in, into and upon the leased premises and take possession of all buildings, fixture and improvements, and evict Lessee without liability of trespass The remedies herein shall not prejudice the Corporation's other rights and remedies at law or equity.

ARTICLE 25.    OPTION TO TERMINATE

In the event that the Lessee shall at any time be prevente from utilizing the property for the purposes herein stated for an reasons beyond the reasonable control of Lessee, such as but not limited to, the failure of Lessee to receive the necessary government licenses and permits required for earth clearing an construction or by action by any government agency or judicia decree preventing Lessee from utilizing the property for th intended purpose, then and in such event, Lessee shall have th option to terminate this Lease Agreement upon ninety (90) day written notice to the Corporation.

ARTICLE 26.    ACCORD AND SATISFACTION

No payment by Lessee or receipt by the Corporation of a lesse amount than the annual rent herein stipulated shall be deemed to k other than on account of rents due, nor shall any endorsement or statement on any check or any letter accompanying any check or payment of rent be deemed an accord and satisfaction, and th Corporation may accept such check or payment without prejudice t the Corporation's right to recover the balance of such rent o pursue any other remedy provided in this Lease.  In the event tha the rent or any other monies which are due hereunder by Lessee ar

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

- 22 -

delinquent, the Corporation may, upon the receipt of any payments

apply them to any account or period it shall determine in its

discretion.

ARTICLE 27.   WAIVER OF BREACH

Waiver by the Corporation of any breach of any term, covenant

or condition herein contained shall not be deemed to be a waiver of

any subsequent breach of the same or any other term, covenant or

condition herein contained.   The acceptance of rent by the

Corporation shall not be deemed to be a waiver of any of the terms

or conditions including the remedies of Corporation hereof.   No

covenant herein shall be deemed to be waived by the Corporation

unless such waiver be in writing by the Corporation.

ARTICLE 28.   EXPENSE OF ENJOYMENT

If action be brought by the Corporation for rent or any other

sums of money due under this Lease Agreement, or if any action be

brought by either the Corporation or Lessee to enforce performance

of any of the covenants and/or conditions of this Lease Agreement,

the losing and defaulting party shall pay reasonable attorney's

fees to be fixed by the Court as a part of the costs in any action.

ARTICLE 29.   INDEMNITY

Lessee will hold the Corporation harmless from any claim or

demand by third persons for damage, including claims for property

damage, personal injury or wrongful death, arising out of any

accident on or about the demised premises, or occasioned by any

nuisance made or suffered on the Premises, or by any fire or

explosion thereon, or caused by any failure on the part of the

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

Lessee to maintain the Premises in a safe condition.  All property

chattels, fixtures, furnishing, etc., which may belong to th

Lessee or to third parties, shall be maintained on the property a

the sole risk of the Lessee and the terms and conditions of thi

indemnity clause shall be applicable hereto and shall hold the

Corporation harmless, as set forth herein.

ARTICLE 30.   COVENANT AND ENJOYMENT

The Corporation covenants that the Lessee, upon paying th

rent required herein and upon fulfilling all the conditions and

agreements, required of the Lessee, shall and may lawfully,

peacefully and quietly have, and hold, use, occupy and possess an

enjoy the property during the term agreed upon without any suit

hindrance,   eviction,   ejection,   molestation,   or   interruptic

whatsoever of or by the Corporation, or by any other person

lawfully claiming by, from, under or against the Corporation.

ARTICLE 31.   UNLAWFUL USE AND COMPLIANCE WITH LAWS

The Lessee covenants and agrees not to use or cause or permit

to be used any part of the Premises for any unlawful conduct or

purpose.   Lessee agrees to comply with all property, building

health, sanitation, safety and other laws and regulations of th

Commonwealth of the Northern Mariana Islands, which are in effec

for which may hereafter become effective.

ARTICLE 32.   "HOLD OVER" CLAUSE

If the Lessee shall remain in possession after the expiratic

of the term of this Lease Agreement or the extension thereof, th

Lessee shall be a tenant on a month-to-month basis and there shall

- 24 -

be no renewal of this Lease Agreement by operation of law or otherwise.

ARTICLE 33.    CONDITION OF PREMISES

The Lessee acknowledges that it has examined the Premises prior to the making of this Lease Agreement and knows the conditions thereof and that no representation other than those expressed herein have been made by the Corporation, and the Lessee hereby accepts the Premises in their present condition at the date of execution of this Lease Agreement.

ARTICLE 34.    PUBLIC AUDITOR

The Lease Agreement is subject to 1 CMC Section 7845.  The Lessee, its sublessee, successors, and assigns, shall provide, upon request, all records and reports, and shall allow audit, inspection, and access to its books, records, documents correspondence, and any other data and material relating to this Lease Agreement, to the Public Auditor of the Commonwealth of the Northern Mariana Islands.  This right of access and inspections shall continue until the expiration of three (3) years after the final rental payment under the Lease is made.

ARTICLE 35.    GENERAL PROVISIONS AND DEFINITIONS

A.    Waiver.    No waiver of any default of the Lessee hereunder shall be implied from any omission by the Corporation to take any action on account of such default if such default persists or is repeated, and no express waiver shall affect the default other than the default specified in the express waiver, and that only for the time and to the extent therein stated.  One or more

- 25 -

waivers of any covenant, term or condition of this Lease Agreement by the Corporation shall not be construed as a waiver of any subsequent breach of the same covenant, term or condition. The consent or approval by the Corporation to or of any act by the Lessee requiring the Corporation's consent or approval shall not be deemed to waiver or render unnecessary the Corporation's consent or approval to or of any subsequent or similar acts by the Lessee.

B.  <u>Agreement Complete</u>.  It is hereby expressly agreed that this Lease Agreement together with the exhibits attached hereto contains all of the terms, covenants, conditions and agreements between the parties hereto relating in any manner to the use and occupancy of the Premises, and that the execution hereof has not been induced by either of the parties by representations, promises or understandings not expressed herein and that there are no collateral agreements, stipulations, promises or understandings of any nature whatsoever between the parties hereto relating in any manner to the use and occupancy of the Premises and none shall be valid or of any force or effect, and that the terms, covenants, conditions and provisions of this Lease Agreement cannot be altered, changed, modified or added to except in writing signed by the parties hereto.

C.  <u>Interpretation</u>.  The language in all parts of this shall be in all cases construed simply, according to its fair meaning, and not strictly for or against the Corporation or the Lessee. Captions and paragraph headings contained herein are for convenience and reference only, and shall not be deemed to limit or

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

in any manner restrict the contents of the paragraph.

D.    Concessionaire.  For the purpose of this Lease Agreement
any concessionaire of the Lessee shall be deemed to be a sublessee
and all of the provisions of this Lease Agreement applicable t
sublessee and subleases shall be equally applicable to the grantin
of any concession and to concessionaires with the same force an
effect as though specially provided therein.

E.    Government Representative.  The authorized Representative
of the Corporation for the purpose of this Lease Agreement shall be
the Executive Director or such other person as the Executive
Director may designate in writing.

F.    Companies Bonding and Insuring.  All corporate surety
bonds provided by the Lessee in compliance with this Lease
Agreement shall be furnished by companies holding certificates of
authority from the Secretary of the Treasury of the United States
of America as acceptable sureties on Federal bonds.  All insurance
obtained by the Lessee in compliance with this Lease Agreement
shall be obtained from reputable companies acceptable to the
Corporation.

G.    Law Governing.  This Lease Agreement shall be governed by
the laws of the Commonwealth of the Northern Mariana islands, both
as to the interpretation and performance.

ARTICLE 36.    LEASE AGREEMENT BINDING

This Lease Agreement and the covenants, conditions and
restrictions hereof shall extend to and be binding upon the parties
hereto, their heirs, successors and assigns and to any other person

- 27 -

claiming to hold or to exercise any interest by, under or throug

any of the parties hereto.

IN WITNESS WHEREOF, the parties have executed the Agreement c

the date first written above.

MARIANAS PUBLIC LAND
  CORPORATION

By: _____
    Augustin M. Tagabuel
    Chairman
    Board of Directors

MICRONESIAN TELECOMMUNICATION
  CORPORATION

By: _____
    Roy N. Morioka
    General Manager

Approved as to form and legality:

_____
    MPLC Legal Counsel

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MARIANAS PUBLIC LAND CORPORATION
P.O. Box 380
Saipan, Northern Mariana Islands 96950

Commonwealth of the Northern       )
Mariana Islands                    )    ss.   ACKNOWLEDGMENT
                                   )
Saipan, No. Mariana Islands        )
                                   )
_____

        ON THIS 22nd day of June , 1992, before me, a
Notary Public in and for the Commonwealth of the Northern
Mariana Islands, personally appeared AUGUSTIN M. TAGABUEL,
Chairman, Board of Directors, Marianas Public Land
Corporation, known to me to be the person whose name is
subscribed to the foregoing instrument and acknowledged to me
that he executed the same on behalf of the Corporation as his
free and voluntary act and deed for the purposes therein set
forth.

        IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my official seal the day and year first above written.



                                   _____
                                           Notary Public

                                        BERTHA T. CAMACHO
                                           Notary Public
                               Commonwealth of the Northern Mariana Islands
                                   My Commission Expires on the
                                   27th day of August , 19 93

                              - 30 -

1

2

3

<div style="text-align:center"><b>ACKNOWLEDGMENT</b></div>

COMMONWEALTH OF THE       )

                                     )   ss:

NORTHERN MARIANA ISLANDS   )

_____)

On this _22nd_ day of _____June_____, 19_92_, before me appeared Roy N. Morioka, General Manager, Micronesian Telecommu- nication Corporation, known to me to be the person whose name is subscribed to the foregoing Instrument and acknowledged that he signed and delivered said Instrument as his free and voluntary act for the purposes therein set forth.

In Witness Whereof, I hereunto set my hand and seal this _22nd_ day of _____June_____, 1992.



_____Erna I. Kapileo_____
Notary Public

<div style="text-align:center">ERNA I. KAPILEO<br>Commonwealth of the Northern Mariana Islands<br>My Commission expires on the<br>_8th_ day of _February_ 19_94_</div>

<div style="writing-mode: vertical-rl">MARIANAS PUBLIC LAND CORPORATION<br>P.O. Box 380<br>Saipan, Northern Mariana Islands 96950</div>

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<div style="text-align:center">- 29 -</div>

**NOTES TO FILE:**

**Re: MTC Rota**

Revised Articles are:

      Article 3 - Term
      Article 5 - Rental, Section C
      Article 8 - Permits, Construction Plans, Section A, B
      Article 9 - Construction Schedule