Colin M. Thompson
Law Offices of Colin M. Thompson
J. E. Tenorio Building
PMB 917 Box 10001
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Defendants Micronesian Telecommunications
Commission and Pacific Telecom, Inc.*

F I L E D
Clerk
District Court

DEC – 8 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **BOARD OF THE MARIANAS PUBLIC LANDS AUTHORITY AND MARIANAS PUBLIC LANDS AUTHORITY, for themselves and on behalf of the Northern Marianas Descent** | ) ) ) ) ) | **Civil Action No. 05- 0034** |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | **ANSWER** |
| **MICRONESIAN TELECOMMUNICATIONS CORPORATION, PACIFIC TELECOM, INC., AND DOES 1-5.** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

**COMES NOW,** Defendants Micronesian Telecommunications Corporation, and Pacific Telecom, Inc., ("Answering Defendants") through their attorney of record to answer the Complaint. Answering Defendants hereby admit, deny, and allege as follows:

1.    Answering Defendants deny each and every allegation contained in paragraph number 1 of the Complaint.

2.    Answering Defendants deny each and every allegation contained in paragraph number 2 of the Complaint.

3.    Answering Defendants admit each and every allegation contained in paragraph number 3 of the Complaint.

4.    Answering Defendants admit each and every allegation contained in paragraph number 4 of the Complaint.

5.    Answering Defendants have insufficient information to form a belief as to the truth of paragraph 5 of Plaintiffs' Complaint and placing their denial on that ground, deny the allegations and each of them and require strict proof thereof.

6.    Answering Defendants admit each and every allegation contained in paragraph number 6 of the Complaint.

7.    Answering Defendants admit each and every allegation contained in paragraph number 7 of the Complaint.

8.    Answering Defendants have insufficient information to form a belief as to the truth of paragraph 8 of Plaintiffs' Complaint and placing their denial on that ground, deny the allegations and each of them and require strict proof thereof.

9.    Answering Defendants have insufficient information to form a belief as to the truth of paragraph 9 of Plaintiffs' Complaint and placing their denial on that ground, deny the allegations and each of them and require strict proof thereof.

10.    Answering Defendants admit that Exhibit "A" to the Complaint is a Lease Agreement made on the first day of July 1980, between Micronesian Telecommunications Corporation as Lessee and Marianas Public Land Corporation as Lessor.   Except as expressly admitted, Answering Defendants deny the allegations contain in paragraph 10.

11.    Answering Defendants admit that Exhibit "A" to the Complaint Article 1 titled "Grant of Premises states:

> The Corporation hereby leases to the Lessee and the Lessee hereby takes from the Corporation the following described real property,   to wit: Tract No. 22913 owned by the Government of the Commonwealth of the Northern Mariana Islands, and which lies and is situated at Susupe, Saipan, Northern Mariana Islands, and survey- described as follows:
>
> Beginning at a point, designated as Corner No. 1, having plane grid coordinates of 49,071.89 meters north by 49,790.49 meters east on the Mariana Islands Plane coordinate System of 1966;

Thence N 53 10' 06" W, a distance of 61.18 meters to Corner No. 2;

Thence N 31 53' 07" E, a distance of 93.80 meters to Corner No. 3;

Thence S 53 28' 10" E, a distance of 61.16 meters to Corner No. 4;

Thence S 31 53" 07" W, a distance of 94.12 meters to Corner No. 1, being the place of beginning;

Containing an area of 5,728.00 square meters, more or less;

All as more particularly shown on Division of Lands and Surveys Survey No. 2154/79, a portion of which is attached hereto, labeled Exhibit "A", and incorporated herein by this reference.

Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 11.

12.    Answering Defendants admit that the Susupe Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 12.

13.    Answering Defendants deny each and every allegation contained in paragraph number 13 of the Complaint.

14.    Answering Defendants admit each and every allegation contained in paragraph number 14 of the Complaint.

15.    The allegations contained in paragraph 15 are conclusion of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16.    Answering Defendants admit each and every allegation contained in paragraph number 16 of the Complaint.

17.    Answering Defendants admit each and every allegation contained in paragraph number 17 of the Complaint.

18.    Answering Defendants deny each and every allegation contained in paragraph number 18 of the Complaint.

19.    Answering Defendants admit that MTC occupies the Susupe Premises.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 19.

20.    Answering Defendants deny each and every allegation contained in paragraph number 20 of the Complaint.

21.    Answering Defendants admit that paragraph 21 of the Complaint is an accurate copy of the part of Article 23 of the Susupe Lease. Except as expressly admitted, Answering Defendants deny the allegations contain in paragraph 21.

22.    Answering Defendants have insufficient information to form a belief as to the truth of paragraph 22 of Plaintiffs' Complaint and placing their denial on that ground, deny the allegations and each of them and require strict proof thereof.

23.    Answering Defendants admit each and every allegation contained in paragraph number 23 of the Complaint.

24.    Answering Defendants admit each and every allegation contained in paragraph number 24 of the Complaint.

25.    Answering Defendants have insufficient information to form a belief as to the truth of paragraph 25 of Plaintiffs' Complaint and placing their denial on that ground, deny the allegations and each of them and require strict proof thereof.

26.    Answering Defendants admit that paragraph 26 of the Complaint is an accurate copy of Article 28 of the Susupe Lease. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 26.

27.    As of the filing of this Complaint, MTC remains in possession of the Susupe premises.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 27.

28.    Answering Defendants deny each and every allegation contained in paragraph number 28 of the Complaint.

29.    Answering Defendants admit that paragraph 29 of the Complaint is an accurate statement of Article 17 of the Susupe Lease.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 29.

4

30.   Answering Defendants admit each and every allegation contained in paragraph number 30 of the Complaint.

31.   Answering Defendants admit that paragraph 31 of the Complaint is an accurate statement of the second sentence of Article 17 of the Susupe Lease.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 31.

32.   Answering Defendants admit that paragraph 33 of the Complaint is an accurate statement of the third sentence of Article 17 of the Susupe Lease, to wit: "It specifically understood and agreed that any Earth Station and related equipment to be constructed or installed upon the Premises is not and shall not be deemed a permanent improvement, and shall be and remain the personal property of Lessee or any other person whom Lessee may contract for the construction, installment, and use of such Earth Station and related equipment".  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 32.

33.   Answering Defendants admit that paragraph 33 of the Complaint is an accurate statement of the part of Article 17 of the Susupe Lease to wit:  "The Lessee, shall within the three (3) months of such expiration or termination, remove all non-permanent improvements, personal property, fixtures, and trade fixtures from the demised Premises; and for that purpose, Lessor agrees that Lessee, and its agents, employees, successors, and assign, shall within such three-month period have easement satisfactory to Lessee for ingress and egress to and from the demised Premises".  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 33.

34.   As of the filing of this Complaint, MTC remains in possession of the Susupe premises.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 34.

35.   Answering Defendants admit that Article 24 of the Susupe lease provides: "that nothing contained in the Lease Agreement shall be deemed or construed by the parties hereto, or by any third persons, to create the relationship of principal and agent, or a partnership, or a joint venture, or of any association between corporation and the Lessee, and neither the method of computation of rent nor any other provisions contained in this Lease Agreement, nor any acts of

the parties hereto, shall be deemed to create any relationship between the Corporation and the Lessee, other than the relationship of lessor and lessee.

The Lessee shall, and all sublease shall, provide that any sublessee shall, employ its best judgment, efforts and abilities to provide the best practicable service, and to enhance the reputation and attractiveness of the Premises and the facilities thereon". Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 35.

36.    Answering Defendants deny each and every allegation contained in paragraph number 36 of the Complaint.

37.    Answering Defendants admit each and every allegation contained in paragraph number 37 of the Complaint.

38.    Answering Defendants admit each and every allegation contained in paragraph number 38 of the Complaint.

39.    Answering Defendants admit each and every allegation contained in paragraph number 39 of the Complaint.

40.    Answering Defendants admit that Article 5 of the As Gonno Lease provides: "The Lessee, in the consideration of the foregoing, covenant and agrees to pay to the Corporation, in the manner prescribed herein in lawful money of the United States, annually as rent for the Premises leased hereby the following rentals:

| | |
|---|---|
| 1st Five Year Period | $3,680.33 |
| 2nd Five Year Period | $3,974.75 |
| 3rd Five Year Period | $4,292.73 |
| 4th Five Year Period | $4,636.15 |
| 5th Five Year Period | $5,007.04 |

The above annual rental shall be paid quarterly in advance.

Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 40.

41.     Answering Defendants admit that Article 5 of the As Gonno Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 41.

42.     Answering Defendants admit that Article 35H is speaks for itself.    Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 42.

43.     Answering Defendants deny each and every allegation contained in paragraph number 43 of the Complaint.

44.     Answering Defendants admit that Article 5D of the As Gonno Lease provides: "All rents payable pursuant to the terms of this Lease Agreement shall be deemed to have commenced from the first day of the month of execution of this Lease and shall be paid without prior notice or demand.  Past due rental shall bear interest at one percent (1%) per month compounded monthly, from the date it becomes due until paid.  This provision shall not be construed to relieve the Lessee from any default in making any rental payment at the time and in the manner herein specified".  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 44.

45.     Answering Defendant admit that Article 6 of the As Gonno Lease provides: "Notwithstanding the provision under Article 5A, at the end of each ten (10) year period of this Lease agreement or renewal or extension thereof, the guaranteed annual rental payable by the Lessee to the Corporation for the next two five-year period shall be based upon eight (8%) percent of the appraised fair market value of the unimproved land or as provided for under Article 5A whichever is greater utilizing the land residual method of appraisal".    Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 45.

46.     Answering Defendants admit that Article 6 of the As Gonno Lease provides: "The appraised market value will be determined by an independent appraiser who must be a member of a nationally accepted appraisal society, to be selected by the agreement between the corporation and the Lessee.  In the event that the Corporation and the Lessee cannot reach an agreement on the selection of the appraiser, the appraiser will be selected by the Chief Justice or Associate Justice of the Commonwealth Supreme Court.  The cost of the appraisal will be borne by the Lessee".

Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 46.

47.    Answering Defendants admit that Article 7 of the As Gonno Lease provides: "The Lessee shall, not later than forty-five (45) days after the end of each calendar year of this Lease Agreement, submit to the Corporation U.S. CPA audited financial statements to include a schedule of gross receipts indicating sources and deductions in support of the gross receipts rental requirement under Article 6B. Any duly authorized representative of the Corporation shall have access to and the right to examine and audit any or all pertinent books, documents, papers and records of the Lessee and its sublessee and concessionaires relating this Lease Agreement during normal business hours of any subleases pertaining to this right of access, examination , and agents) all books and records of the Lessee or its sublessees for completion of a special audit of any or all activities or enterprises conducted on the Premises.

The Lessee shall keep and maintain its accounting and bookkeeping principles applicable to the industry.  The Lessee shall keep its accounting books and records at all times in the English language." Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 47.

48.    Answering Defendants admit that Article 12 of the As Gonno Lease provides: "if the sale, assignment, transfer, use, or, other disposition of ant of the issued and outstanding capital stock of MTC shall result in changing the control of MTC, then such sale, assignment, transfer, use, or other disposition shall de deemed an assignment of the As Gonno Lease and shall be subject to all the provision of the As Gonno Lease with respect to assignment".   Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 48.

49.    Answering Defendants admit that Article 12 of the As Gonno Lease provides: "requires that any assignment of the As Gonno Lease must be approved, in writing, by MPLA". Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 49.

50.    Answering Defendants admit that Article 12 of the As Gonno Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 50.

51.    Answering Defendants admit that Article 12 of the As Gonno Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 51.

52.    Answering Defendants admit that Article 12 of the As Gonno Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 52.

53.    Answering Defendants admit that Article 12 of the As Gonno Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 53.

54.    Answering Defendants admit each and every allegation contained in paragraph number 54 of the Complaint.

55.    Answering Defendants admit that Article 23 of the As Gonno Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 55.

56.    Answering Defendants admit that Article 19 of the As Gonno Lease provides: "All notices shall be made by personal delivery by registered or certified mail, addressed to the property party as follows:

Corporation:    P.O. Box 380
Saipan, MP 96950


Lessee:    P.O. Box 306
Saipan, MP 96950

Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 56.

57.    Answering Defendants admit that Article 26 of the As Gonno Lease provides: "No payment by Lessee amount than the annual rent herein stipulated shall be deemed to be other than

on account of rents due, nor shall any endorsement or statement on any check or any letter accompanying any check or payment of rent be deemed an accord and satisfaction, and the Corporation may accept such check or payment without prejudice to the Corporation's right to recover the balance of such rent or pursue any other remedy provided in this Lease.  In the event that the rent or any other monies which are due hereunder by Lessee are delinquent, the Corporation may upon the receipt of any payments, apply them to any account on period it shall determine in its discretion".   Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 57.

58.   Answering Defendants admit that Article 27 of the As Gonno Lease provides: "Waiver by the Corporation of any breach of any term covenant or condition herein contained shall not be deemed to be a waiver of any subsequent breach of the same or any other term covenant or condition herein contained.  The acceptance of rent by the Corporation shall not be deemed to be a waiver of the terms or conditions including the remedies of Corporation hereof.  No covenant shall be deemed to be waived by the Corporation unless such waiver be in writing by the Corporation. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 58.

59.   Answering Defendants admit that Article 28 of the As Gonno Lease provides: "If action be brought by the Corporation for rent or any other sums of money due under this Lease Agreement, or if any action be brought by either the Corporation or Lessee to enforce performance of any the covenants and/or conditions of this reasonable attorney's fees to be fixed by the Court as a part of the costs in any action".   Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 59.

60.   Answering Defendants admit that Article 35A of the As Gonno Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 60.

61.   Answering Defendants have insufficient information to form a belief as to the truth of paragraph 61 of Plaintiffs' Complaint and placing their denial on that ground, deny the allegations and each of them and require strict proof thereof.

62.    Answering Defendants admit that on September 21, 1990, MPLC and MTC executed a Lease Agreement (the "Garapan Lease") which was files at the Commonwealth Recorder's Office as File No. 90-3961, dated September 28, 1990.  Under Garapan Lease, MPLC is the Lessor, and the MTC is the Lessee.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 62.

63.    Answering Defendants admit each and every allegation contained in paragraph number 63 of the Complaint.

64.    Answering Defendants admit each and every allegation contained in paragraph number 64 of the Complaint.

65.    Answering Defendants admit that Article 5 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 65.

66.    Answering Defendants admit that Article 5 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 66.

67.    Answering Defendants admit that Article 35H of the Garapan Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 67.

68.    Answering Defendants deny each and every allegation contained in paragraph number 68 of the Complaint.

69.    Answering Defendants admit that Article 5D of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 69.

70.    Answering Defendants admit that Article 6 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 70.

71.    Answering Defendants admit that Article 6 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 71.

72.    Answering Defendants admit that Article 7 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 72.

73.    Answering Defendants admit that Article 12 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 73.

74.    Answering Defendants admit that Article 12 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 74.

75.    Answering Defendants admit that Article 12 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 75.

76.    Answering Defendants admit that Article 12 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 76.

77.    Answering Defendants admit that Article 12 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 77.

78.    Answering Defendants admit that Article 12 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 78.

79.    Answering Defendants admit each and every allegation contained in paragraph number 79 of the Complaint.

80.     Answering Defendants admit that Article 23 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 80.

81.     Answering Defendants admit that Article 19 of the Garapan Lease provides: "All notices shall be made by personal delivery by registered or certified mail, addressed to the property party as follows:

Corporation:  P.O. Box 380
              Saipan, MP 96950

Lessee:       P.O. Box 306
              Saipan, MP 96950

Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 81.

82.     Answering Defendants admit that Article 26 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 82.

83.     Answering Defendants admit that Article 27 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 83.

84.     Answering Defendants admit that Article 28 of the Garapan Lease speaks for itself. Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 84.

85.     Answering Defendants admit that Article 35A of the Garapan Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 85.

86.     Answering Defendants have insufficient information to form a belief as to the truth of paragraph 86 of Plaintiffs' Complaint and placing their denial on that ground, deny the allegations and each of them and require strict proof thereof.

87.     Answering Defendants admit that on June 28, 1990, MPLC and MTC executed a Lease Agreement (the "Kagman Lease") which was files at the Commonwealth Recorder's Office as File No. 90-2589, dated July 5, 1990.  Under Kagman Lease, MPLC is the Lessor, and the MTC is the Lessee.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 87.

88.     Answering Defendants admit each and every allegation contained in paragraph number 88 of the Complaint.

89.     Answering Defendants admit each and every allegation contained in paragraph number 89 of the Complaint.

90.     Answering Defendants admit that Article 5 of the Kagman Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 90.

91.     Answering Defendants admit that Article 5 of the Kagman Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 91.

92.     Answering Defendants admit that Article 35H of the Kagman Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 92.

93.     Answering Defendants deny each and every allegation contained in paragraph number 93 of the Complaint.

94.     Answering Defendants admit each and every allegation contained in paragraph number 94 of the Complaint.

95.     Answering Defendants admit that Article 6 of the Kagman Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 95.

96.     Answering Defendants admit that Article 6 of the Kagman Lease speaks for itself.  Except as expressly admitted, Answering Defendants deny the allegations contained in paragraph 96.

14