FILED
Clerk
District Court

JAN - 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Ramon K. Quichocho, Esq.
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, V.S. Sablan Building, Chalan Piao
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670.234.8946
Fax: 670.234.8920
Email: rayq@vzpacifica.net

*Attorney for Plaintiff Board of MPLA*

MATTHEW T. GREGORY, ESQ.
2nd Floor, V.S. Sablan Building, Chalan Piao
PMB 419, Box 10000
Saipan, MP 96950
Tel. No.: 670.234.3972
Fax: 670.234.3973

*Attorney for Plaintiff MPLA*

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BOARD OF THE MARIANAS PUBLIC LANDS AUTHORITY AND MARIANAS PUBLIC LANDS AUTHORITY, for themselves and on behalf of the Northern Marianas Descent,<br><br>Plaintiffs,<br><br>vs.<br><br>MICRONESIAN TELECOMMUNICATIONS CORPORATION, PACIFIC TELECOM, INC., AND DOES 1-5,<br><br>Defendants. | CIVIL ACTION NO. CV05-0034<br><br><br><br><br>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND<br><br><br><br>Hearing: FEB 1 6 2006<br>Time: 8:30 a.m. |

# I.
# INTRODUCTION

This lawsuit does not involve a federal question[1]. Consequently, Plaintiffs Board of the Marianas Public Lands Authority ("Board") and the Marianas Public Lands Authority ("MPLA") file the Plaintiffs' Motion to Remand, this memorandum, and declaration(s) pursuant to 28 U.S.C. § 1447(c), FED. R. CIV. P. 7(b), and LR 7.1(b).

# II.
# PROCEDURAL AND FACTUAL BACKGROUND

1. On October 3, 2005, Plaintiffs sued Defendants, for breach of contract, trespass and/or conversion, ejectment, accounting, unjust enrichment, piercing the corporate veil, fraud, disgorgement of wrongfully charged inter-island fees, punitive damages, and attorneys fees, in the Superior Court of the Commonwealth of the Northern Mariana Islands.

2. Defendants were served with the Summons and Complaint on October 3, 2005.

3. Defendants filed their notice of removal on November 2, 2005.

4. Plaintiffs' first to fifth causes of action are for breaches of various lease agreements entered into between Plaintiffs and Defendant MTC for the leasing of public lands in Susupe, As Gonno, Garapan, Kagman, and Sinapalu Rota. Plaintiffs allege that Defendants are not paying rent due, and failed to obtain the consent of Plaintiff Board when Defendant MTC sold its shares to Defendant PTI, among other things. Verified Complaint, paragraphs 156-180.

---

[1] Although Plaintiffs want to litigate this matter in the District Court of the Northern Mariana Islands where the jury pool will consist of residents of Saipan, Tinian, and Rota, Plaintiffs are obligated to bring the issue of "no federal question" before the Court. Since Plaintiffs' CNMI claims affect residents of Tinian and Rota as well, it is only fair to have a CNMI-wide venire.

5. Plaintiffs' sixth to tenth causes of action are for trespass and/or conversion of the various public lands which are the subject of the lease agreements that were breached by Defendants. Verified Complaint, paragraphs 181-220.

6. Plaintiffs' eleventh cause of action is for ejectment because Defendants refused and continues to refuse to cure the default and/or trespass on public lands. Defendants are acting as if they own the public lands that they are illegally occupying. Verified Complaint, paragraphs 221-230.

7. Plaintiffs' twelfth cause of action is for an accounting of the unpaid gross receipts rental for the As Gonno, Garapan, and Kagman leases. Verified Complaint, paragraphs 231-235.

8. Plaintiffs' thirteenth cause of action is for unjust enrichment due to the fact that Defendants have been using the public lands to make millions of dollars without paying for the reasonable value of the public lands. In fact, Defendants refused, neglected, failed and continues to refuse, neglect, and fail to pay for the reasonable value of the public lands which Defendants are using for their underground cables, boxes/pedestals. Verified Complaint, paragraphs 236-243.

9. Plaintiffs' fourteenth cause of action is to pierce the corporate veil because Defendant PTI is acting like it is the same as Defendant MTC. Verified Complaint, paragraphs 244-251.

10. Plaintiffs' fifteenth cause of action is for fraud based on the fact that Defendants refused, neglected, and failed, and continues to refuse, neglect, and fail to pay the gross receipts rental as clearly required under the As Gonno, Garapan, and Kagman leases. Plaintiffs have alleged that Defendants misled the Plaintiffs in thinking that Defendants will pay the gross

receipts when in fact, Defendants did not intend to ever pay the required gross receipts rental. Verified Complaint, paragraphs 252-265.

11. Plaintiffs' sixteenth cause of action is for disgorgement of wrongfully charged inter-island fees that Plaintiffs have paid Defendants over several years. Defendants have voluntarily entered into a contract with the CNMI Government pursuant to the Fiber Optic Communications Facilitation and Competitive Telecommunications Act of 1996 (the "Fiber Optic Act"), a CNMI law. Verified Complaint, paragraphs 266-272.

12. Plaintiffs' seventeenth cause of action is for punitive damages based on the willful, wanton, vile, outrageous, and intentional nature of Defendants' conduct as alleged in the complaint, and Defendants' conscious disregard of the rights of Plaintiffs and the Northern Marianas Descent. Verified Complaint, paragraphs 273-275.

13. Plaintiffs' eighteenth cause of action is for attorneys fees pursuant to the various public lands leases and Section 1222(d) of the Fiber Optic Act. Verified Complaint, paragraphs 276-278.

### III.
### ARGUMENTS

Defendants' alleged basis for removal is that "Plaintiffs['] cause[s] of action [are] based upon a claim or right that infringes upon the Constitution, treaties or laws of the United States, 28 U.S.C. § 1441(b) (applying 28 U.S.C. § 1331)." Notice of Removal, par. 2. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Similarly, Section 1331 provides that "[t]he

4
*Memorandum in Support of Plaintiffs' Motion to Remand*

district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### A. THE COURT SHOULD REMAND BECAUSE PLAINTIFFS' CAUSES OF ACTION DO NOT INVOLVE FEDERAL QUESTION.

The Court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). *California v. Dynegy, Inc., et al.*, 375 F.3d 831, 838 (9th Cir. 2003). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute. *California v. Dynegy, Inc., et al.*, 375 F.3d at 838 (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). In determining whether there is federal jurisdiction, the ninth circuit applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. Dynegy, Inc., et al.*, 375 F.3d at 838 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *California v. Dynegy, Inc., et al.*, 375 F.3d at 838 (citing *Rivet v. Regions Bank*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)). "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *California v. Dynegy, Inc., et al.*, 375 F.3d at 838 (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-113 57 S.Ct. 96, 81 L.Ed. 70 (1936)). Defendants' allegation that this case arises under federal law is wrong and seems to be made for the purpose of delay or some other improper purpose.

Here, looking at Plaintiffs' well-pleaded complaint, it is clear that there is no federal question on the face of the complaint. Of course, Defendants had to try hard to "create" a federal question in the Notice of Removal, but Defendants' inaccurate allegations and misrepresentations in the Notice of Removal is not the test of whether there is a federal question. Courts look at the complaint. Defendants' Notice of Removal implicates federal laws, but it is not defenses or potential counterclaims that determine whether removal is proper. It is not propaganda that determines whether removal is proper either.[2]

Paragraphs 6 and 7 of Plaintiffs' Notice of Removal desperately misrepresents Plaintiffs causes of action. Defendants are unable to point to any part of Plaintiffs' complaint where "Plaintiffs' causes of action clearly disclose that they seek unfair and unreasonable compensation from MTC by signing rates which are not competitively neutral and are discriminatory." Notice of Removal, par. 7. Defendants just made this up. There is no such claim in the Complaint.

Paragraph 8 of Plaintiffs' Notice of Removal is a contradiction of paragraph 3. In any case, Defendants voluntarily entered into a contract with the CNMI Government that Defendant MTC will not charge inter-island tolls. See Exhibit G to the Verified Complaint and Demand for Jury Trial. Just like it did with the public lands leases where Defendant MTC promised to pay gross receipts rental and then reneged, Defendants have voluntarily entered into the Fiber Optic lease, but conveniently reneged on the promise not to charge inter-island tolls. Just because Defendants do not want to honor their agreements does not automatically make Plaintiffs' causes

---

[2] Defendants seem to be paranoid about the Superior Court terminating defaulted public lands leases that are not cured, and seems to be suggesting that this Honorable Court will not do the right thing under the laws of the CNMI if Defendants continue to cheat the Northern Marianas Descent of the value of the Northern Marianas Descent public lands by continuing to use the public lands without just compensation. See paragraph 4 of the Defendants' Notice of Removal.

of action removable by mere mention of some federal statute and the word "preemption." These causes of action are based in contract and contain no federal question.

Paragraphs 9 and 10 of Plaintiffs' Notice of Removal is another desperate misrepresentation of the facts. The truth is that under the Franchise Agreement, Defendant MTC was given an aerial right of way on the telephone poles, not underground, for a fee, not for free. The Franchise Agreement, attached as Exhibit F to the Complaint, certainly did not give Defendant MTC the right to encroach on any person's land without the obligation to pay the reasonable value for such use. Defendants are now using the Northern Marianas Descent public lands for buried cables, but refused, neglected, and failed to pay. Furthermore, the Franchise Agreement was in no way modified by the Fiber Optic Act because the Fiber Optic Act only dealt with submerged lands issue, not telephone-pole-easements. Again, Defendants are twisting the facts to create a spurious federal question.

Therefore, the Court should find that Plaintiffs' causes of action do not involve a federal question. Since the removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on Defendants, and Defendants have failed to satisfy such burden of establishing federal jurisdiction, the Court should remand this case to the Superior Court of the CNMI.

### IV.
### CONCLUSION

Based on the foregoing and any reasons that may appear in other pleadings and/or papers or at the hearing on this matter, Plaintiffs respectfully request that the Court enter an order remanding this civil action to the Superior Court of the Commonwealth of the Northern Mariana Islands, where it was originally filed, because the lawsuit does not involve a federal question.

Furthermore, Plaintiffs respectfully request that this Honorable Court award Plaintiffs their court costs, expenses, and attorneys' fees.

Therefore, Plaintiffs' Motion to Remand should be GRANTED.

Dated this 3rd day of January, 2005.

Respectfully submitted,

LAW OFFICES OF RAMON K. QUICHOCHO, LLC

Ramon K. Quichocho
Attorney for Plaintiff Board of MPLA


LAW OFFICE OF MATTHEW T. GREGORY

Matthew T. Gregory
Attorney for Plaintiff MPLA