FILED
Clerk
District Court

FEB 13 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BOARD OF THE MARIANAS PUBLIC LAND AUTHORITY and MARIANAS PUBLIC LAND AUTHORITY, for themselves and on behalf of the Northern Marianas Descent,<br><br>Plaintiff,<br><br>vs.<br><br>MICRONESIAN TELECOMMUNICATIONS CORPORATION, PACIFIC TELECOM, INC., and DOES 1-5,<br><br>Defendant. | Case No. CV-05-0034<br><br>**ORDER RESETTING HEARING and ORDER FOR SUPPLEMENTAL BRIEF** |

On January 3, 2006, plaintiffs Board of the Marianas Public Land Authority and Marianas Public Land Authority filed a motion to remand this case to the Superior Court of the Commonwealth of the Northern Mariana Islands for lack of subject matter jurisdiction. Defendant responded that the court has federal question jurisdiction based on the complete pre-emption and the substantial question of federal law doctrine.

Accordingly, because the court must have jurisdiction over each and every cause of action, **THE COURT ORDERS** the defendants to submit a supplemental brief on the following:

(1) What causes of action, besides the sixteenth cause of action, are federal questions and why? If the federal question jurisdiction is based on the substantial question doctrine, provide the court with analysis on the following four factors: whether plaintiffs are part of the class that the statute was intended to protect; whether Congress intended that the statute provide a private cause of action; whether a federal cause of action will further Congress' underlying purpose of the statute; and whether plaintiffs' cause of action is a subject traditionally left to the local government. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810-11 (1986).

(2) How do the four factors of the substantial question doctrine apply to the sixteenth cause of action?

(3) Does the court have supplemental jurisdiction over the remaining causes of action and why?

(4) What cases have held that the Federal Telecommunications Act of 1996, 47 U.S.C. § 151 et seq., or more specifically 47 U.S.C. § 253, meets the four factor test of the substantial question doctrine?

The supplemental brief shall be filed and served no later than February 17, 2006, at 3:30 p.m. Any response by plaintiffs to the supplemental brief shall be filed and served no later than February 22, 2006, at 3:30 p.m. No reply brief will be accepted. The hearing for the motion to remand is re-set for March 2, 2006, at 9:00 a.m.

**DATED** this 13th day of February, 2006.

/s/ Alex R. Munson
ALEX R. MUNSON
Judge

2